## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
Division West Palm Beach

In re:

SERVE-EM.COM

            Debtor,

ROBERT A. GIBSON

            Debtor,

CASE NO. 03-32460-PGH

CASE NO. 05-36640-SHF

WOODIE H. THOMAS, III, P.A.

            Plaintiff,

v.

ROBERT A. GIBSON, Individually,
DONALD GIBSON, Individually,
SERVE-EM, INCORPORATED, a
Florida Corporation, SERVE-EM.COM,
Inc., a Florida Corporation, 1-800-
SERVE-EM.COM, INC., a Florida
Corporation, BIKE-TAXI
COPORATION, a Florida Corporation,
CORBLET CORPORATION, a Florida
Corporation, CORBADEX
CORPORATION, a Florida
Corporation, JURIFUND
CORPORATION, a Florida
Corporation, AIRPORT PROCESS,
INC., a Florida Corporation,

            Defendants.

                         /

Notice of Filing

Adversary Proceeding

**No. 08-01209-PGH**

COMES NOW removing defendant Robert A. Gibson pursuant to Rule 9027(e)(2) and files this
Notice of Filing and states as follows:

1. Removing defendant has discovered documentation leading to the belief that removing
   party must provide and file with the Bankruptcy Court Clerk, a complete copy of the
   State Court file within 20 days of filing Notice of Removal.

2. Rule 9027(e) "Procedure After Removal" reads - (2) The district court or, if the case under the Code has been referred to a bankruptcy judge of the district, the bankruptcy judge may require the party filing the notice of removal to file with the clerk copies of all records and proceedings relating to the claim or cause of action in the court from which the claim or cause of action was removed.

3. In anticipation of the Bankruptcy Judge's order and so as not to delay the proceedings, attached is a current copy of Palm Beach County, Florida docket for the removed case number 502005CC012795XXXXNB along with a true copy of all documents contained in that file.

Accordingly, Debtor, Robert A. Gibson files this Notice of Filing along with the attendant court file in compliance with 9027(e)(2).

Respectfully submitted this 25th day of March, 2008.

Robert A. Gibson

### CERTIFICATE OF SERVICE

UNDER PENALTY OF PERJURY, I CERTIFY that a copy of the foregoing was provided by regular U.S. mail to the following this 25th day of March 2008.

Woodie H. Thomas, III Ph.D.
Woodie H. Thomas, III, P.A.
1603 Vision Drive,
Palm Beach Gardens, Florida 33410

Richard Glenn
Attorney for Airport Process, Inc.
11382 Prosperity Farms Road Bldg F #222
Palm Beach Gardens, FL 33410

Michael R. Bakst
222 Lakeview Ave. Suite #1330
West Palm Beach, FL 33401

Don Gibson
2301 Bay Drive
Pompano Beach, FL 33062

STATE OF FLORIDA
COUNTY OF PALM BEACH

Robert A. Gibson
P.O. Box 6786
West Palm Beach, FL 33405-6786
Phone: 561.404.5701

BEFORE ME personally appeared Robert Gibson who being by me first duly sworn and identified in accordance with Florida law, did execute the entire foregoing in my presence.

Notary Public



PATRICIA BARRON
MY COMMISSION # DD723505
EXPIRES October 09, 2011
FloridaNotaryService.com
(407) 398-0153

## Report Selection Criteria

**Case ID:**                 502005CC012795XXXXNB
**Docket Start Date:**
**Docket Ending Date:**

## Case Description

**Case ID:**        502005CC012795XXXXNB
**Case Caption:**   WOODIE H THOMAS, III PA V GIBSON
**Division:**       RH - PEREZ
**Filing Date:**    Thursday , September 29th, 2005
**Court:**          CC - COUNTY CIVIL
**Location:**       NB - NORTH BRANCH
**Jury:**           N-Non Jury
**Type:**           CV - CIVIL (COUNTY CIVIL)
**Status:**         RO - REOPEN

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | ID | Name | | |
|---|---|---|---|---|---|---|---|
| 1 | | | PLAINTIFF | @491090 | **WOODIE H THOMAS, III, P.A.** | **Aliases:** | *none* |
| 2 | 1 | | ATTORNEY | 0940216 | **THOMAS III , ESQ, WOODIE H** | **Aliases:** | *none* |
| 3 | | | DEFENDANT | @491091 | **GIBSON, ROBERT A** | **Aliases:** | *none* |
| 4 | | | DEFENDANT | @491092 | **GIBSON, DONALD M** | **Aliases:** | *none* |

| 5 | | DEFENDANT | @491093 | SERVE-EM, INCORPORATED | Aliases: | none |
|---|---|---|---|---|---|---|
| 6 | | DEFENDANT | @491094 | SERVE-EM.COM, INC. | Aliases: | none |
| 7 | | DEFENDANT | @491095 | 1-800-SERVE-EM.COM, INC | Aliases: | none |
| 8 | | DEFENDANT | @491096 | BIKE-TAXI CORPORATION | Aliases: | none |
| 9 | | DEFENDANT | @491097 | CORBLET CORPORATION | Aliases: | none |
| 10 | | DEFENDANT | @491098 | CORBADEX CORPORATION | Aliases: | none |
| 11 | | DEFENDANT | @491099 | JURIFUND CORPORATION | Aliases: | none |
| 12 | | DEFENDANT | @491100 | AIRPORT PROCESS, INC. | Aliases: | none |
| 13 | | JUDGE | RH | CIKLIN, JUDGE CORY J | Aliases: | none |
| 13 | | JUDGE | RH | PEREZ, JUDGE NANCY | Aliases: | none |
| 14 | 5 | SERVICE PARTY | @493920 | GIBSON / RA/PRES/DIR, ROBERT A | Aliases: | none |
| 15 | 6 | SERVICE PARTY | @493920 | GIBSON / RA/PRES/DIR, ROBERT A | Aliases: | none |

| 16 | 7 | SERVICE PARTY | @493920 | **GIBSON / RA/PRES/DIR, ROBERT A** | **Aliases:** | *none* |
|---|---|---|---|---|---|---|
| 17 | 8 | SERVICE PARTY | @493920 | **GIBSON / RA/PRES/DIR, ROBERT A** | **Aliases:** | *none* |
| 18 | 9 | SERVICE PARTY | @493920 | **GIBSON / RA/PRES/DIR, ROBERT A** | **Aliases:** | *none* |
| 19 | 10 | SERVICE PARTY | @493920 | **GIBSON / RA/PRES/DIR, ROBERT A** | **Aliases:** | *none* |
| 20 | 11 | SERVICE PARTY | @493920 | **GIBSON / RA/PRES/DIR, ROBERT A** | **Aliases:** | *none* |
| 21 | 12 | SERVICE PARTY | @493925 | **GIBSON / RA, DONALD M** | **Aliases:** | *none* |
| 22 | 12 | ATTORNEY | 0252395 | **GLENN ESQ, RICHARD W** | **Aliases:** | *none* |
| 23 | | DEFENDANT | @605100 | **1-800-SERVE-EM, INC** | **Aliases:** | *none* |
| 24 | 23 | SERVICE PARTY | @493920 | **GIBSON / RA/PRES/DIR, ROBERT A** | **Aliases:** | *none* |

## **Docket Entries**

| Docket Number | Docket Type | Book and Page No. | Attached To: |
|---|---|---|---|
| | 00000 - ADDITIONAL COMMENTS | | |
| **Filing Date:** | 29-SEP-2005 | | |
| **Filing Party:** | | | |

| | **Disposition Amount:** | |
|---|---|---|
| | **Docket Text:** | *none.* |

| | 400FF - CCFF/CR-CV-FC-R4-S4 | |
|---|---|---|
| **Filing Date:** | 29-SEP-2005 | |
| **Filing Party:** | WOODIE H THOMAS, III, P.A., | |
| **Disposition Amount:** | | |
| **Docket Text:** | *none.* | |

| | PE - PENDING | |
|---|---|---|
| **Filing Date:** | 29-SEP-2005 | |
| **Filing Party:** | | |
| **Disposition Amount:** | | |
| **Docket Text:** | *none.* | |

| | RCPT - RECEIPT FOR PAYMENT | |
|---|---|---|
| **Filing Date:** | 29-SEP-2005 | |
| **Filing Party:** | WOODIE H THOMAS, III, P.A., | |
| **Disposition Amount:** | | |
| **Docket Text:** | A Payment of -$255.00 was made on receipt CCMB86825. | |

| 1 | CMP - COMPLAINT | |
|---|---|---|
| **Filing Date:** | 29-SEP-2005 | |
| **Filing Party:** | WOODIE H THOMAS, III, P.A., | |
| **Disposition Amount:** | | |
| **Docket Text:** | *none.* | |

| 2 | SMIS - SUMMONS ISSUED | |
|---|---|---|
| **Filing Date:** | 29-SEP-2005 | |
| **Filing Party:** | GIBSON, ROBERT A | |
| **Disposition Amount:** | | |
| **Docket Text:** | SM-05-221308 | |

| | SRTN - SERVICE RETURN (ATTACHED) | 2 |
|---|---|---|
| **Filing Date:** | 23-JAN-2006 | |
| **Filing Party:** | GIBSON, ROBERT A | |
| **Disposition Amount:** | | |
| **Docket Text:** | NC ISSUED NOT PROCESSED | |

| 3 | SMIS - SUMMONS ISSUED | |
|---|---|---|
| **Filing Date:** | 29-SEP-2005 | |
| **Filing Party:** | GIBSON, DONALD M | |
| **Disposition Amount:** | | |
| **Docket Text:** | SM-05-221309 | |
| | SRTN - SERVICE RETURN (ATTACHED) | 3 |
| **Filing Date:** | 10-JAN-2006 | |
| **Filing Party:** | GIBSON, DONALD M | |
| **Disposition Amount:** | | |
| **Docket Text:** | MB - UNEXECUTED | |
| 4 | SMIS - SUMMONS ISSUED | |
| **Filing Date:** | 29-SEP-2005 | |
| **Filing Party:** | SERVE-EM, INCORPORATED, | |
| **Disposition Amount:** | | |
| **Docket Text:** | SM-05-221310 | |
| | SRTN - SERVICE RETURN (ATTACHED) | 4 |
| **Filing Date:** | 23-JAN-2006 | |
| **Filing Party:** | SERVE-EM, INCORPORATED, | |
| **Disposition Amount:** | | |
| **Docket Text:** | NC ISSUED NOT PROCESSED | |
| 5 | SMIS - SUMMONS ISSUED | |
| **Filing Date:** | 29-SEP-2005 | |
| **Filing Party:** | SERVE-EM.COM, INC., | |
| **Disposition Amount:** | | |
| **Docket Text:** | SM-05-221311 | |
| | SRTN - SERVICE RETURN (ATTACHED) | 5 |
| **Filing Date:** | 23-JAN-2006 | |
| **Filing Party:** | SERVE-EM.COM, INC., | |
| **Disposition Amount:** | | |
| **Docket Text:** | NC ISSUED NOT PROCESSED | |

3/24/2008 12:03 PM

| 6 | SMIS - SUMMONS ISSUED | |
|---|---|---|
| **Filing Date:** | 29-SEP-2005 | |
| **Filing Party:** | 1-800-SERVE-EM.COM, INC, | |
| **Disposition Amount:** | | |
| **Docket Text:** | SM-05-221312 | |
| | SRTN - SERVICE RETURN (ATTACHED) | 6 |
| **Filing Date:** | 23-JAN-2006 | |
| **Filing Party:** | 1-800-SERVE-EM.COM, INC, | |
| **Disposition Amount:** | | |
| **Docket Text:** | NC ISSUED NOT PROCESSED | |
| 7 | SMIS - SUMMONS ISSUED | |
| **Filing Date:** | 29-SEP-2005 | |
| **Filing Party:** | BIKE-TAXI CORPORATION, | |
| **Disposition Amount:** | | |
| **Docket Text:** | SM-05-221313 | |
| | SRTN - SERVICE RETURN (ATTACHED) | 7 |
| **Filing Date:** | 23-JAN-2006 | |
| **Filing Party:** | BIKE-TAXI CORPORATION, | |
| **Disposition Amount:** | | |
| **Docket Text:** | NC ISSUED NOT PROCESSED | |
| 8 | SMIS - SUMMONS ISSUED | |
| **Filing Date:** | 29-SEP-2005 | |
| **Filing Party:** | CORBLET CORPORATION, | |
| **Disposition Amount:** | | |
| **Docket Text:** | SM-05-221314 | |
| | SRTN - SERVICE RETURN (ATTACHED) | 8 |
| **Filing Date:** | 23-JAN-2006 | |
| **Filing Party:** | CORBLET CORPORATION, | |
| **Disposition Amount:** | | |
| **Docket Text:** | NC ISSUED NOT PROCESSED | |

| 9 | SMIS - SUMMONS ISSUED | | |
|---|---|---|---|
| **Filing Date:** | 29-SEP-2005 | | |
| **Filing Party:** | CORBADEX CORPORATION, | | |
| **Disposition Amount:** | | | |
| **Docket Text:** | SM-05-221316 | | |
| | SRTN - SERVICE RETURN (ATTACHED) | | 9 |
| **Filing Date:** | 23-JAN-2006 | | |
| **Filing Party:** | | | |
| **Disposition Amount:** | | | |
| **Docket Text:** | SRVD 1/17/06 | | |
| | RO - REOPEN | | 9 |
| **Filing Date:** | 18-DEC-2006 | | |
| **Filing Party:** | | | |
| **Disposition Amount:** | | | |
| **Docket Text:** | *none.* | | |
| 10 | SMIS - SUMMONS ISSUED | | |
| **Filing Date:** | 29-SEP-2005 | | |
| **Filing Party:** | JURIFUND CORPORATION, | | |
| **Disposition Amount:** | | | |
| **Docket Text:** | SM-05-221317 | | |
| | SRTN - SERVICE RETURN (ATTACHED) | | 10 |
| **Filing Date:** | 23-JAN-2006 | | |
| **Filing Party:** | | | |
| **Disposition Amount:** | | | |
| **Docket Text:** | SRVD 1/17/06 | | |
| 11 | SMIS - SUMMONS ISSUED | | |
| **Filing Date:** | 29-SEP-2005 | | |
| **Filing Party:** | AIRPORT PROCESS, INC., | | |
| **Disposition Amount:** | | | |
| **Docket Text:** | SM-05-221318 | | |
| | SRTN - SERVICE RETURN | | 11 |

(ATTACHED)

| | |
|---|---|
| **Filing Date:** | 10-JAN-2006 |
| **Filing Party:** | AIRPORT PROCESS, INC., |
| **Disposition Amount:** | |
| **Docket Text:** | MB - EXECUTED 10/14/05 |

| | |
|---|---|
| 12 | MDFT - MOTION FOR DEFAULT |
| **Filing Date:** | 06-DEC-2005 |
| **Filing Party:** | WOODIE H THOMAS, III, P.A., |
| **Disposition Amount:** | |
| **Docket Text:** | NC/ AGAINST DONALD L GIBSON & AIRPORT PROCESS INC |

| | |
|---|---|
| 13 | ANS - ANSWER |
| **Filing Date:** | 06-DEC-2005 |
| **Filing Party:** | AIRPORT PROCESS, INC., |
| **Disposition Amount:** | |
| **Docket Text:** | NC |

| | |
|---|---|
| 14 | REQP - REQUEST TO PRODUCE |
| **Filing Date:** | 14-DEC-2005 |
| **Filing Party:** | GLENN ESQ, RICHARD W |
| **Disposition Amount:** | |
| **Docket Text:** | NC - OF DOCUMENTS |

| | |
|---|---|
| 15 | MOT - MOTION |
| **Filing Date:** | 14-DEC-2005 |
| **Filing Party:** | GLENN ESQ, RICHARD W |
| **Disposition Amount:** | |
| **Docket Text:** | NC - TO AMEND |

| | |
|---|---|
| 16 | ANS - ANSWER |
| **Filing Date:** | 14-DEC-2005 |
| **Filing Party:** | GLENN ESQ, RICHARD W |
| **Disposition Amount:** | |
| **Docket Text:** | NC - AMENDED ANSWER TO COMPLAINT |

| | |
|---|---|
| 17 | SMIS - SUMMONS ISSUED |
| **Filing Date:** | 24-JAN-2006 |

| **Filing Party:** | SERVE-EM, INCORPORATED, | |
| **Disposition Amount:** | | |
| **Docket Text:** | SM-06-004398 ALIAS | |
| | SRTN - SERVICE RETURN (ATTACHED) | 17 |
| **Filing Date:** | 06-FEB-2006 | |
| **Filing Party:** | | |
| **Disposition Amount:** | | |
| **Docket Text:** | NC-CORP SERVICE ON 1/31/06 | |
| 18 | SMIS - SUMMONS ISSUED | |
| **Filing Date:** | 24-JAN-2006 | |
| **Filing Party:** | SERVE-EM.COM, INC., | |
| **Disposition Amount:** | | |
| **Docket Text:** | SM-06-004402 ALIAS | |
| | SRTN - SERVICE RETURN (ATTACHED) | 18 |
| **Filing Date:** | 06-FEB-2006 | |
| **Filing Party:** | | |
| **Disposition Amount:** | | |
| **Docket Text:** | NC-CORP SERVICE ON 1/31/06 | |
| 19 | SMIS - SUMMONS ISSUED | |
| **Filing Date:** | 24-JAN-2006 | |
| **Filing Party:** | 1-800-SERVE-EM.COM, INC, | |
| **Disposition Amount:** | | |
| **Docket Text:** | SM-06-004403 ALIAS | |
| | SRTN - SERVICE RETURN (ATTACHED) | 19 |
| **Filing Date:** | 06-FEB-2006 | |
| **Filing Party:** | | |
| **Disposition Amount:** | | |
| **Docket Text:** | NC-CORP SERVICE ON 1/31/06 | |
| 20 | SMIS - SUMMONS ISSUED | |
| **Filing Date:** | 24-JAN-2006 | |
| **Filing Party:** | BIKE-TAXI CORPORATION, | |

**Disposition Amount:**

| | | |
|---|---|---|
| **Docket Text:** | SM-06-004404 ALIAS | |
| | SRTN - SERVICE RETURN (ATTACHED) | 20 |
| **Filing Date:** | 06-FEB-2006 | |
| **Filing Party:** | | |
| **Disposition Amount:** | | |
| **Docket Text:** | NC-CORP SERVICE ON 1/31/06 | |
| 21 | SMIS - SUMMONS ISSUED | |
| **Filing Date:** | 24-JAN-2006 | |
| **Filing Party:** | CORBLET CORPORATION, | |
| **Disposition Amount:** | | |
| **Docket Text:** | SM-06-004405 ALIAS | |
| | SRTN - SERVICE RETURN (ATTACHED) | 21 |
| **Filing Date:** | 06-FEB-2006 | |
| **Filing Party:** | | |
| **Disposition Amount:** | | |
| **Docket Text:** | NC-CORP SERVICE ON 1/31/06 | |
| 22 | SMIS - SUMMONS ISSUED | |
| **Filing Date:** | 24-JAN-2006 | |
| **Filing Party:** | GIBSON, ROBERT A | |
| **Disposition Amount:** | | |
| **Docket Text:** | SM-06-004425 ALIAS | |
| | SRTN - SERVICE RETURN (ATTACHED) | 22 |
| **Filing Date:** | 03-FEB-2006 | |
| **Filing Party:** | GIBSON, ROBERT A | |
| **Disposition Amount:** | | |
| **Docket Text:** | NC/ INDIV SERVICE 01-31-06 | |
| 23 | NOH - NOTICE OF HEARING | |
| **Filing Date:** | 14-FEB-2006 | |
| **Filing Party:** | | |
| **Disposition Amount:** | | |

| Docket Text: | NC/ FERUARY 9, 2006 @ 1:00PM | |
|---|---|---|
| 24 | ORD - ORDER | |
| **Filing Date:** | 14-FEB-2006 | |
| **Filing Party:** | | |
| **Disposition Amount:** | | |
| **Docket Text:** | NC/ AMENDED COMPLAINT IS GRANTED | |
| | EVSCH - HEARING EVENT SCHEDULED | |
| **Filing Date:** | 26-MAY-2006 | |
| **Filing Party:** | | |
| **Disposition Amount:** | | |
| **Docket Text:** | *none.* | |
| | EVERR - EVENT SCHEDULED IN ERROR | |
| **Filing Date:** | 26-MAY-2006 | |
| **Filing Party:** | | |
| **Disposition Amount:** | | |
| **Docket Text:** | *none.* | |
| 25 | SMIS - SUMMONS ISSUED | |
| **Filing Date:** | 26-MAY-2006 | |
| **Filing Party:** | 1-800-SERVE-EM, INC, | |
| **Disposition Amount:** | | |
| **Docket Text:** | SM-06-033253 | |
| | SRTN - SERVICE RETURN (ATTACHED) | 25 |
| **Filing Date:** | 06-JUN-2006 | |
| **Filing Party:** | | |
| **Disposition Amount:** | | |
| **Docket Text:** | NB - EXECUTED - 01 JUNE, 2006 | |
| 26 | MDFT - MOTION FOR DEFAULT | |
| **Filing Date:** | 05-JUL-2006 | |
| **Filing Party:** | | |
| **Disposition Amount:** | | |
| **Docket Text:** | NB - | |

| 27 | DFT - DEFAULT |
|---|---|
| **Filing Date:** | 19-JUL-2006 |
| **Filing Party:** | |
| **Disposition Amount:** | |
| **Docket Text:** | NB/ ENTERED |
| 28 | MFFJ - MOTION FOR FINAL JUDGMENT |
| **Filing Date:** | 02-NOV-2006 |
| **Filing Party:** | THOMAS III , ESQ, WOODIE H |
| **Disposition Amount:** | |
| **Docket Text:** | NB |
| 29 | ANS - ANSWER |
| **Filing Date:** | 08-NOV-2006 |
| **Filing Party:** | AIRPORT PROCESS, INC., |
| **Disposition Amount:** | |
| **Docket Text:** | NB AND DON GIBSON |
| 30 | NOT - NOTICE |
| **Filing Date:** | 08-NOV-2006 |
| **Filing Party:** | |
| **Disposition Amount:** | |
| **Docket Text:** | NB OF DEPO |
| 31 | MCMP - MOTION TO COMPEL |
| **Filing Date:** | 08-NOV-2006 |
| **Filing Party:** | |
| **Disposition Amount:** | |
| **Docket Text:** | NB |
| 32 | MEMO - MEMORANDUM |
| **Filing Date:** | 21-NOV-2006 |
| **Filing Party:** | |
| **Disposition Amount:** | |
| **Docket Text:** | NB |
| 33 | MSTR - MOTION TO STRIKE |
| **Filing Date:** | 29-NOV-2006 |

| Filing Party: | THOMAS III , ESQ, WOODIE H |
|---|---|
| Disposition Amount: | |
| Docket Text: | NB |

| 34 | RRTP - RESPONSE TO REQ TO PRODUCE |
|---|---|
| Filing Date: | 29-NOV-2006 |
| Filing Party: | THOMAS III , ESQ, WOODIE H |
| Disposition Amount: | |
| Docket Text: | NB |

| 35 | REQP - REQUEST TO PRODUCE |
|---|---|
| Filing Date: | 29-NOV-2006 |
| Filing Party: | THOMAS III , ESQ, WOODIE H |
| Disposition Amount: | |
| Docket Text: | NB - OF DOCUMENTS |

| 36 | NOF - NOTICE OF FILING |
|---|---|
| Filing Date: | 29-NOV-2006 |
| Filing Party: | THOMAS III , ESQ, WOODIE H |
| Disposition Amount: | |
| Docket Text: | NB - PLTF'S FIRST SET OF INTERROGATORIES TO DEFT DONALD GIBSON FOR AIRPORT PROCESS INC |

| 37 | RQAD - REQUEST FOR ADMISSIONS |
|---|---|
| Filing Date: | 29-NOV-2006 |
| Filing Party: | THOMAS III , ESQ, WOODIE H |
| Disposition Amount: | |
| Docket Text: | NB - |

| 38 | COR - CORRESPONDENCE |
|---|---|
| Filing Date: | 30-NOV-2006 |
| Filing Party: | THOMAS III , ESQ, WOODIE H |
| Disposition Amount: | |
| Docket Text: | NB - MEMORANDUM |

| 39 | AFF - AFFIDAVIT |
|---|---|
| Filing Date: | 30-NOV-2006 |
| Filing Party: | THOMAS III , ESQ, WOODIE H |

http://crnwprod.palm-beach.fl.us/180/iwp/ck_public_qry_doct.cp_d...

| | |
|---|---|
| **Disposition Amount:** | |
| **Docket Text:** | NB - OF COSTS |
| 40 | AFF - AFFIDAVIT |
| **Filing Date:** | 30-NOV-2006 |
| **Filing Party:** | THOMAS III , ESQ, WOODIE H |
| **Disposition Amount:** | |
| **Docket Text:** | NB - OF INDEBTEDNESS |
| 41 | FJUD - FINAL JUDGMENT |
| **Filing Date:** | 08-DEC-2006 |
| **Filing Party:** | |
| **Disposition Amount:** | |
| **Docket Text:** | (NB) PLT TO RECOVER FROM DFT'S $8375.00 W/ INT |

| | | |
|---|---|---|
| | DJ - DISPOSED BY JUDGE | 41 |

| | |
|---|---|
| **Filing Date:** | 08-DEC-2006 |
| **Filing Party:** | |
| **Disposition Amount:** | |
| **Docket Text:** | *none.* |
| 42 | SGBK - SUGGESTION OF BANKRUPTCY |
| **Filing Date:** | 18-DEC-2006 |
| **Filing Party:** | |
| **Disposition Amount:** | |
| **Docket Text:** | MB: & MOT. TO SET ASIDE FINAL JDGMT |
| 43 | ORSH - ORDER SETTING HEARING |
| **Filing Date:** | 16-JAN-2007 |
| **Filing Party:** | |
| **Disposition Amount:** | |
| **Docket Text:** | NB/ THURSDAY FEBRUARY 1, 2007 @ 2:15 pm |
| 44 | NOF - NOTICE OF FILING |
| **Filing Date:** | 13-FEB-2007 |
| **Filing Party:** | GIBSON, ROBERT A |
| **Disposition Amount:** | |

| Docket Text: | CHRONOLOGY IN SUPPORT OF MOT TO SET ASIDE JUDGMENT & FOR SANCTIONS WITH ATTACHMNTS (SB) |
| --- | --- |
| 45 | LTR - LETTER |
| Filing Date: | 14-FEB-2007 |
| Filing Party: | GIBSON, ROBERT A |
| Disposition Amount: | |
| Docket Text: | NB (FAX'D) |
| 46 | ANS - ANSWER |
| Filing Date: | 02-MAR-2007 |
| Filing Party: | AIRPORT PROCESS, INC., |
| Disposition Amount: | |
| Docket Text: | NB AND DON GIBSON TO REQ FOR ADMISSIONS |
| 47 | MOT - MOTION |
| Filing Date: | 02-MAR-2007 |
| Filing Party: | AIRPORT PROCESS, INC., |
| Disposition Amount: | |
| Docket Text: | NB AND DON GIBSON TO FILE LATE RESP TO REQ FOR ADMISSION |
| 48 | RRTP - RESPONSE TO REQ TO PRODUCE |
| Filing Date: | 02-MAR-2007 |
| Filing Party: | GIBSON, DONALD M |
| Disposition Amount: | |
| Docket Text: | NB AND AIRPORT PROCESS |
| 49 | MFSJ - MOTION FOR SUMMARY JUDGMENT |
| Filing Date: | 02-MAR-2007 |
| Filing Party: | |
| Disposition Amount: | |
| Docket Text: | NB |
| 50 | AFF - AFFIDAVIT |
| Filing Date: | 02-MAR-2007 |
| Filing Party: | |
| Disposition Amount: | |

| Docket Text: | NB IN SUPPORT OF M/FOR SUMMARY JUDGMENT |
|---|---|
| 51 | MOT - MOTION |
| Filing Date: | 02-MAR-2007 |
| Filing Party: | |
| Disposition Amount: | |
| Docket Text: | NB TO REQUIRE SERVICE OF PLEADS/OTHER DOCUMENTS |
| 52 | NOS - NOTICE OF SERVICE |
| Filing Date: | 02-MAR-2007 |
| Filing Party: | |
| Disposition Amount: | |
| Docket Text: | NB OF ANSWERS TO INTERROGS |
| 53 | ORD - ORDER |
| Filing Date: | 06-MAR-2007 |
| Filing Party: | |
| Disposition Amount: | |
| Docket Text: | NB VACATING FJ AND DEFAULT |
| 54 | AFF - AFFIDAVIT |
| Filing Date: | 19-MAR-2007 |
| Filing Party: | THOMAS III , ESQ, WOODIE H |
| Disposition Amount: | |
| Docket Text: | NB - IN OPPOSITION OF MOTION FOR SUMMARY JUDGMENT |
| 55 | NOH - NOTICE OF HEARING |
| Filing Date: | 20-MAR-2007 |
| Filing Party: | GLENN ESQ, RICHARD W |
| Disposition Amount: | |
| Docket Text: | NB - MARCH 29, 2007 @ 1:30 PM |
| 56 | ORD - ORDER |
| Filing Date: | 26-MAR-2007 |
| Filing Party: | |
| Disposition Amount: | |
| Docket Text: | (NB) (EXPARTE) DFT HAS 20 DAYS TO FILE WRITTEN RESPONSE |
| 57 | AGOR - AGREED ORDER |

| Filing Date: | 26-MAR-2007 |
|---|---|
| **Filing Party:** | |
| **Disposition Amount:** | |
| **Docket Text:** | (NB) OM MOT TO DISMISS AMENDED COMPLAINT IS DENIED |
| 58 | AGOR - AGREED ORDER |
| **Filing Date:** | 26-MAR-2007 |
| **Filing Party:** | |
| **Disposition Amount:** | |
| **Docket Text:** | (NB) ON MOT TO STRIKE IS DENIED |
| 59 | ORD - ORDER |
| **Filing Date:** | 29-MAR-2007 |
| **Filing Party:** | |
| **Disposition Amount:** | |
| **Docket Text:** | (NB) ALL PARTIES MUST FURNISH COPIES OF ALL PLEADING TO OPPOSING PARTIES AND ATTY'S |
| 60 | COS - CERTIFICATE OF SERVICE |
| **Filing Date:** | 29-MAR-2007 |
| **Filing Party:** | |
| **Disposition Amount:** | |
| **Docket Text:** | *none.* |
| 61 | AGOR - AGREED ORDER |
| **Filing Date:** | 19-APR-2007 |
| **Filing Party:** | |
| **Disposition Amount:** | |
| **Docket Text:** | (NB) ON MOT TO FILE LATE ANS TO REQ FOR ADMISSIONS |
| 62 | NOT - NOTICE |
| **Filing Date:** | 21-MAY-2007 |
| **Filing Party:** | |
| **Disposition Amount:** | |
| **Docket Text:** | (MB) OF CHANGE OF ADDRESS OF ATTY |
| 63 | NOT - NOTICE |
| **Filing Date:** | 21-MAY-2007 |
| **Filing Party:** | |

| | |
|---|---|
| **Disposition Amount:** | |
| **Docket Text:** | (MB) OF CHANGE OF ADDRESS |
| 64 | MDFT - MOTION FOR DEFAULT |
| **Filing Date:** | 25-JUN-2007 |
| **Filing Party:** | THOMAS III , ESQ, WOODIE H |
| **Disposition Amount:** | |
| **Docket Text:** | NB - BY THE COURT |
| 65 | MFFJ - MOTION FOR FINAL JUDGMENT |
| **Filing Date:** | 25-JUN-2007 |
| **Filing Party:** | THOMAS III , ESQ, WOODIE H |
| **Disposition Amount:** | |
| **Docket Text:** | NB - BY THE COURT |
| 66 | ORSH - ORDER SETTING HEARING |
| **Filing Date:** | 03-JUL-2007 |
| **Filing Party:** | |
| **Disposition Amount:** | |
| **Docket Text:** | NB - ON 7-27-07 @ 9:00 AM CTRM 1 IN RE FINAL JUDGMENT |
| 67 | ORD - ORDER |
| **Filing Date:** | 31-JUL-2007 |
| **Filing Party:** | |
| **Disposition Amount:** | |
| **Docket Text:** | (NB) DFT HAS 10 DAYS FROM DATE OF ORD TO FILE RESPONSE TO COMPLAINT |
| 68 | MDIS - MOTION TO DISMISS |
| **Filing Date:** | 13-AUG-2007 |
| **Filing Party:** | GIBSON, ROBERT A |
| **Disposition Amount:** | |
| **Docket Text:** | MB-FOR LACK OF JURISDICTION AND IN THE ALTERNATIVE ANSWER AND AFFIRMATIVE DEFENSES AS DEMANDED BY THE COURT |
| 69 | MSTR - MOTION TO STRIKE |
| **Filing Date:** | 05-SEP-2007 |
| **Filing Party:** | THOMAS III , ESQ, WOODIE H |

3/24/2008 12:03 PM

| Disposition Amount: | |
| --- | --- |
| Docket Text: | NB- DFT ROBERT GIBSONS MOTION TO DISMISS FOR LACK OF JURISDICTION |

| 70 | NOH - NOTICE OF HEARING |
| --- | --- |
| Filing Date: | 05-SEP-2007 |
| Filing Party: | THOMAS III , ESQ, WOODIE H |
| Disposition Amount: | |
| Docket Text: | NB - ON 9-20-07 @ 1:30 PM RE PLT M/TO STRIKE DFT GIBSONS MOTION TO DISMISS |

| 71 | ORD - ORDER |
| --- | --- |
| Filing Date: | 01-OCT-2007 |
| Filing Party: | |
| Disposition Amount: | |
| Docket Text: | (NB) MOT TO DISMISS IS DENIED |

| 72 | NOH - NOTICE OF HEARING |
| --- | --- |
| Filing Date: | 10-OCT-2007 |
| Filing Party: | |
| Disposition Amount: | |
| Docket Text: | NB - 10/25/07 @ 1:30 |

| 73 | ORD - ORDER |
| --- | --- |
| Filing Date: | 05-NOV-2007 |
| Filing Party: | |
| Disposition Amount: | |
| Docket Text: | NB - MOTION DENIED WITHOUT PREJUDICE |

| 74 | RMAL - RETURNED MAIL |
| --- | --- |
| Filing Date: | 13-NOV-2007 |
| Filing Party: | GIBSON, ROBERT A |
| Disposition Amount: | |
| Docket Text: | NB/ COPYOF WITNESS LIST |

| 75 | NOT - NOTICE |
| --- | --- |
| Filing Date: | 15-NOV-2007 |
| Filing Party: | WOODIE H THOMAS, III, P.A., |
| Disposition Amount: | |

| Docket Text: | NB - FOR TRIAL |
|---|---|
| 76 | ORD - ORDER |
| **Filing Date:** | 08-FEB-2008 |
| **Filing Party:** | |
| **Disposition Amount:** | |
| **Docket Text:** | NB/ SETTING NON JURY TRIAL MARCH 24,2008 @ 2:00 PM |
| 77 | EXLT - EXHIBIT LIST |
| **Filing Date:** | 03-MAR-2008 |
| **Filing Party:** | WOODIE H THOMAS, III, P.A., |
| **Disposition Amount:** | |
| **Docket Text:** | NB |
| 78 | WLIS - WITNESS LIST |
| **Filing Date:** | 03-MAR-2008 |
| **Filing Party:** | WOODIE H THOMAS, III, P.A., |
| **Disposition Amount:** | |
| **Docket Text:** | NB |
| 79 | NOME - NOTICE OF MEDIATION |
| **Filing Date:** | 12-MAR-2008 |
| **Filing Party:** | GIBSON, ROBERT A |
| **Disposition Amount:** | |
| **Docket Text:** | NB THURSDAY, MARCH 20, 2008 @ 8:30 am |
| 80 | NOH - NOTICE OF HEARING |
| **Filing Date:** | 13-MAR-2008 |
| **Filing Party:** | |
| **Disposition Amount:** | |
| **Docket Text:** | NB 28-FEB-2008 @ 1PM |

CLERK:
File this document
in the court file.
Judge Ciklin

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Division West Palm Beach

**COPY**
ORIGINAL RECEIVED FOR FILING
MAR 2 4 2008
CLERK & COMPTROLLER
NORTH COUNTY
CIVIL DIVISION

In re:

SERVE-EM.COM
      Debtor,

CASE NO. 03-32460-PGH

ROBERT A. GIBSON
      Debtor,

CASE NO. 05-36640-SHF

WOODIE H. THOMAS, III, P.A.

      Plaintiff,

**Amended Notice of Removal**

v.

ROBERT A. GIBSON, Individually,
DONALD GIBSON, Individually,
SERVE-EM, INCORPORATED, a
Florida Corporation, SERVE-
EM.COM, Inc., a Florida
Corporation, 1-800-SERVE-
EM.COM, INC., a Florida
Corporation, BIKE-TAXI
COPORATION, a Florida
Corporation, CORBLET
CORPORATION, a Florida
Corporation, CORBADEX
CORPORATION, a Florida
Corporation, JURIFUND
CORPORATION, a Florida
Corporation, AIRPORT PROCESS,
INC., a Florida Corporation,

      Defendants.

**Adversary Proceeding**

**No. 08-01209-PGH**

**COMES NOW** Defendant Robert A. Gibson and files this amended notice of removal pursuant to Rule 9027 and in support thereof states as follows:

81

1. Plaintiff, Woodie H. Thomas, III, P.A. filed a lawsuit on or about September 29th 2005 in the County Court of Palm Beach County, Florida Case No. 502005 CC 012795XXXXNB alleging money owed by the defendants (docket attached).

2. At the time of filing that suit, bankruptcy proceedings were in process with all named corporations save Airport Process, Inc., under Case NO. 03-32460-PGH

3. Airport Process, Inc. was formed by Don and Arlene Gibson March 7th 2005 solely to receive proceeds from the bankruptcy sale in that proceeding.

4. Donald (legal name Don) Gibson's only involvement in the alleged activities was as the successful bidder in a protected purchase of assets through the bankruptcy sale in that proceeding.

5. All allegations concerned activities <u>core</u> to the bankruptcy proceeding.

6. Robert A. Gibson filed and was discharged in CASE NO. 05-36640-SHF.

7. All activities alleged by Plaintiff as to Robert A. Gibson are <u>core</u> to that proceeding.

8. On or about December 15th 2006 Robert A. Gibson filed and served a Suggestion of Bankruptcy in the County Court Case alleging Plaintiff's prior knowledge of the bankruptcy filing (attached county court docket #42).

9. On or about March 6th, 2007 County Court Judge Nancy Perez issued an order citing and acknowledging the automatic federal stay, vacating and setting aside any action after October 12, 2005 including a default judgment entered against Robert Gibson on December 4, 2006 (attached county court docket #53).

10. Relying on this order and the automatic federal stay, Defendant/Debtor has not participated in any pre-trial discovery at the county level.

11. Nonetheless, Plaintiff continues litigation under a new judge and has announced the case at issue and has scheduled mediation and trial, ignoring all Federal Bankruptcy Rules prohibiting such litigation.

Accordingly, Debtor, Robert A. Gibson files this Notice of Removal to the Bankruptcy Court and prays he and all Defendants be dismissed with prejudice and that appropriate sanctions be levied on Woodie H. Thomas, III, P.A. for willful and capricious violation of the Federal Bankruptcy Rules.

Respectfully submitted this 21st day of March, 2008.

Robert A. Gibson

## CERTIFICATE OF SERVICE

UNDER PENALTY OF PERJURY, I CERTIFY that a copy of the foregoing was provided by regular U.S. mail to the following this 21st day of March 2008.

Woodie H. Thomas, III Ph.D.
Woodie H. Thomas, III, P.A.
1603 Vision Drive,
Palm Beach Gardens, Florida 33410

Michael R. Bakst
222 Lakeview Ave. Suite #1330
West Palm Beach, FL  33401

Don Gibson
2301 Bay drive
Pompano Beach, FL  33062

STATE OF FLORIDA
COUNTY OF PALM BEACH

Robert A. Gibson
P.O. Box 6786
West Palm Beach, FL  33405-6786
Phone: 561.404.5701

BEFORE ME personally appeared Robert Gibson who being by me first duly sworn and identified in accordance with Florida law, did execute the entire foregoing in my presence.

Notary Public



PATRICIA BARRON
MY COMMISSION # DD723505
EXPIRES October 09, 2011
(407) 398-0153    FloridaNotaryService.com



IN THE COUNTY COURT OF THE
15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FL
CIVIL DIVISION RH
CASE NO. 502005CC012795XXXXNB

WOODIE H. THOMAS III PA
    Plaintiff,

vs.

ROBERT A. GIBSON and
SERVE-EM INCORPORATED
    Defendant

_____/

## ORDER

**THIS MATTER** came before this Court on February 1, 1007 on Defendant's Motion to Vacate Final Judgment.  The Court having examined the pleadings on file finds that Defendant, ROBERT A. GIBSON filed bankruptcy on October 14, 2005.  Defendant was not served until January 31, 2006, therefore was unaware of the cause of action to notify the Court of the Stay.  However, 11 USCA §362 provides the filing of the petition is an automatic stay of any judicial proceeding.  Therefore, as to Defendant, ROBERT A. GIBSON, any action taken after October 12, 2005 is vacated and set aside, including the Final Judgment against ROBERT A. GIBSON entered on December 4, 2006.  Based on the foregoing it is

    **ORDERED AND ADJUDGED** that the Final Judgment entered December 4, 2006 and recorded at 21189 at Page 1881 is vacated and set aside as to Defendant, ROBERT A. GIBSON.  It is further

    **ORDERED AND ADJUDGED** that the Default entered on July 19, 2006 as to Defendant, ROBERT A. GIBSON is vacated and set aside due to the federal stay.

    **DONE AND ORDERED** in Chambers at Palm Beach Gardens, Palm Beach County, Florida, this _6th_ day of March, 2007.

                                 *Nancy Perez*

                               NANCY PEREZ
                               **County Court Judge**

Copies furnished:
Woodie H. Thomas, III, Esq.
1603 Vision Drive
Palm Beach Gardens, FL  33418

Robert A. Gibson
551 SE 8th Street, Suite 206
Delray Beach, FL  33483

IN THE COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

RH

WOODIE H. THOMAS, III, P.A.

Plaintiff,

v.

ROBERT A. GIBSON, Individually,

SERVE-EM, INCORPORATED, et al.

Defendants,

CASE NO. 502005 CC 012795XXXXNB

CIVIL DIVISION

Suggestion of Bankruptcy and
Motion to Set Aside Final Judgment

CMB

Comes now Defendant Robert A. Gibson and notices this court:

1.     That at all times material to this litigation, federal stays have been in effect pursuant to bankruptcy law under Case No. 05-36640-SHF discharged on October 23, 2006 and additionally under Case No. 03-32460-BKC-SHF as shown on attachments.

2.     Additionally, on information and belief Plaintiff has been fully aware of these proceedings and has engaged in this litigation purely for harassment purposes.

Wherefore, Defendant request this court set aside Final Judgment and Sanction Plaintiff as is right and proper.

Monday, December 18th 2006

Defendant,

Robert Gibson
1801 South Federal Highway, 245C
Delray Beach, FL  33483-3335
561.404.5701

CGFD28 (9/25/06)



**ORDERED in the Southern District of Florida on October 23, 2006**

Steven H. Friedman
United States Bankruptcy Judge

---

# United States Bankruptcy Court
## Southern District of Florida
### www.flsb.uscourts.gov
### Division:   West Palm Beach

Case Number: 05–36640–SHF

Chapter: 7

In re: *(Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address)*

Robert A. Gibson
1711 Latham Rd
West Palm Beach, FL 33409

SSN: xxx–xx–8057

```
CLERK
USBC
SDFL
FILED
10/23/06
```

# FINAL DECREE

The trustee, Patricia A Dzikowski, having filed a final report that the estate has been fully administered, is discharged and the case is closed.

This Instrument Prepared by:
Brett A. Elam, Esq.
222 Lakeview Avenue, Suite 1330
West Palm Beach, Florida 33401

## BILL OF SALE

KNOW ALL MEN BY THESE PRESENTS that MICHAEL R. BAKST, TRUSTEE IN BANKRUPTCY FOR SERVE-EM.COM, INC., party of the first part, for and in consideration of the sum of $40,000.00 lawful money of the United States, to him paid by **Don Gibson**, party of the second part, the receipt whereof is hereby acknowledged, have granted, bargained, sold, transferred and delivered, and by these presents does grant, bargain, sell, transfer and deliver unto the said party of the second part, its heirs, executors, administrators and assigns, the following goods and chattels:

> The assets of Serve-em.com, Inc., CORBLET CORPORATION, a Florida Corporation, CORBADEX CORPORATION, a Florida Corporation, 1-800-SERVE-EM, Inc., a Florida Corporation, and JURIFUND CORPORATION, a Florida Corporation, which includes all software used by and employed by Serve-em.com, Inc., CORBLET CORPORATION, CORBADEX CORPORATION, 1-800-SERVE-EM, Inc., and JURIFUND CORPORATION, including all process server application software, world model database, Corbadex, all source code, and all other software which has been used in Serve-em.com., Inc., CORBLET CORPORATION, CORBADEX CORPORATION, 1-800-SERVE-EM, Inc., and JURIFUND CORPORATION, the website of Serve-em.com, Inc., CORBLET CORPORATION, CORBADEX CORPORATION, 1-800-SERVE-EM, Inc., and JURIFUND

1

Mar. 9. 2005 4:29PM    L Bankier Christu Baks                No. 4594   P. 2

CORPORATION; the web address of Serve-em.com, Inc., www.serve-em.com; the web address of CORBLET CORPORATION, CORBADEX CORPORATION, 1-800-SERVE-EM, Inc., and JURIFUND CORPORATION; the telephone numbers of Serve-em.com, Inc., CORBLET CORPORATION, CORBADEX CORPORATION, 1-800-SERVE-EM, Inc., and JURIFUND CORPORATION, including 1-800 SERVE EM; all customers of Serve-em.com, Inc., CORBLET CORPORATION, CORBADEX CORPORATION, 1-800-SERVE-EM, Inc., and JURIFUND CORPORATION; the name Serve-Em.Com, without any warranties, representations, or guaranties of any kind. Further, the sale of the assets does not include any accounts receivable, of which the Trustee has already collected, core proceedings, including but not limited to actions pursuant to 11 U.S.C. §§ 547, 548, and 549, nor any causes of action of any of the Debtor entities. This sale does not include any right, title, or interest of the estate and/or the Debtor relating to the contempt order entered as to Infolink Communication Services, Inc., James Kurzweg, as President of InfoLink Communications Services, Inc., and Prieur Leary, nor to the right, title, and/or interest as to the award of damages for said contempt, nor any interest in the Fidelity Federal or Regent Bank bank accounts, nor within the bank accounts of the estate.

**TO HAVE AND TO HOLD** the same unto the said party of the second part, their heirs, executors, administrators and assigns forever. This transfer is made in accordance with the United States Bankruptcy Court for the Southern District of Florida's March 9, 2005 Order Granting Trustee's, Emergency Motion Pursuant to Local Rule 9075 to Sell Property Free and Clear of Liens, Claims, Encumbrances, and Interests, Pursuant to 11 U.S.C. § 363(F), with any Liens, Claims, Encumbrances, and Interests to Attach to Proceeds of Sale, to Approve Bidding Procedures and Motion to Substantively Consolidate. If a conflict arises as to the any of the terms of this bill of sale, the terms of said order shall be controlling.

2

AND we do, for ourselves and our heirs, executors and administrators, covenant to and with the said party of the second part, its heirs executors, administrators and assigns, that we are the lawful owners of the said goods and chattels; that they are free from all encumbrances; that we have good right to sell the same aforesaid.

IN WITNESS WHEREOF, we have hereunto set our hands and seal this 9th day of March 2005.

Signed, sealed and delivered
in the presence of:

_____
MICHAEL R. BAKST, TRUSTEE

Printed Name: _Rilyn Carnahan_

_Rilyn Carnahan_

Printed Name: _Brett Glam_

STATE OF FLORIDA
COUNTY OF PALM BEACH

I HEREBY CERTIFY that on this day personally appeared before me, **MICHAEL R. BAKST, TRUSTEE IN BANKRUPTCY FOR SERVE-EM.COM, INC.**, to me well known to be the person described herein_____✓____, or, who produced _____ as identification, and who executed the foregoing Bill of Sale, and acknowledged before me that he executed the same freely and voluntarily for the purpose therein expressed.

WITNESS my hand and official seal in the County and State last aforesaid this _____ day of _9____March 2005.

_____
NOTARY PUBLIC
My Commission Expires:

3



RANELLE LUCAS JOHNSON
MY COMMISSION # DD 026735
EXPIRES: May 16, 2005
Bonded Thru Budget Notary Services

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

In re:                                    Case No.: 03-32460-BKC-SHF
                                          Chapter 7 proceeding

SERVE-EM.COM, INC.,
        Debtor.

_____/

## ORDER GRANTING TRUSTEE'S EMERGENCY MOTION PURSUANT TO LOCAL RULE 9075 TO SELL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, PURSUANT TO 11 U.S.C. § 363(f), WITH ANY LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS TO ATTACH TO PROCEEDS OF SALE, TO APPROVE BIDDING PROCEDURES AND MOTION TO SUBSTANTIVELY CONSOLIDATE

THIS MATTER, having come before the Court on the 7th day of March, 2005, in West Palm Beach, Florida pursuant to Michael R. Bakst, as Chapter 7 Trustee's, Emergency Motion Pursuant to Local Rule 9075 to Sell Property Free and Clear of Liens, Claims, Encumbrances, and Interests, Pursuant to 11 U.S.C. § 363(F), with any Liens, Claims, Encumbrances, and Interests to Attach to Proceeds of Sale, to Approve Bidding Procedures and Motion to Substantively Consolidate, the Court having heard argument of counsel, and being otherwise fully advised in the premises, it is:

ORDERED AND ADJUDGED as follows:

1. The Trustee's Emergency Motion Pursuant to Local Rule 9075 to Sell Property Free and Clear of Liens, Claims, Encumbrances, and Interests, Pursuant to 11 U.S.C. § 363(F), with any Liens, Claims, Encumbrances, and Interests to Attach to Proceeds of Sale, to Approve Bidding Procedures and Motion to Substantively Consolidate is hereby GRANTED.

2.   The Court hereby consolidates all the Defendants, CORBLET CORPORATION,

a Florida Corporation, CORBADEX CORPORATION, a Florida Corporation, 1-800-

SERVE-EM, Inc., a Florida Corporation, and JURIFUND CORPORATION, a Florida

Corporation, from the adversary proceeding, adversary proceeding number 04-3018-BKC-

SHF-A, with the current bankruptcy proceeding, case number 04-32460-BKC-SHF.

3.   The Court further approves the bidding procedures as set forth in the Trustee's

emergency motion. The Court finds that the proposed sale comports with the guidelines set

forth in 11 U.S.C. § 363(f).

4.   ~~The Court finds that this Court has jurisdiction over this matter pursuant to 11~~

~~U.S.C. §§ 105, 361, 363(b) and (c), 365(d), and the various other applicable provisions of the~~

Bankruptcy Code and Bankruptcy Rules; venue is properly before this Court pursuant to 28

U.S.C. §§ 1408 and 1409(a).

5.   The Trustee has entered into a contract with Don Gibson ("Gibson Contract"),

which provides for an all cash sale in the amount of $40,000.00, for the purchase of whatever

right, title, and/or interest the estate holds in all of the Debtor's assets and post-petition trade

receivables of the Debtor, which the Trustee has not already collected. The sale does not

include the estate's right, title, and/or interest in the leases entered by the Defendants and/or

the Debtor. Further, the sale of the assets does not include any core proceedings, including

but not limited to actions pursuant to 11 U.S.C. §§ 547, 548, and 549, nor any causes of action

of any of the Debtor entities.

6.   This sale does not include any right, title, or interest of the estate and/or the

Debtor relating to the contempt order entered as to Infolink Communication Services, Inc., James Kurzweg, as President of InfoLink Communications Services, Inc., and Prieur Leary, nor to the right, title, and/or interest as to the award of damages for said contempt. The initial offer, pursuant to the terms of the Gibson Contract, was subject to higher and better offers. Further the sale is without any warranties or representations of any type as to any ownership interest in any of the assets being held by the estate.

7.    The Trustee timely served and filed his Emergency Motion Pursuant to Local Rule 9075 to Sell Property Free and Clear of Liens, Claims, Encumbrances, and Interests, Pursuant to 11 U.S.C. § 363(F), with any Liens, Claims, Encumbrances, and Interests to Attach to Proceeds of Sale, to Approve Bidding Procedures and Motion to Substantively Consolidate on all parties entitled to such service under the Federal and Local Rules of Bankruptcy Procedure.

8.    The Trustee is authorized and empowered to sell and transfer all of the assets of the Debtor, excluding the aforementioned assets, as is, where is, without any representations or warranties of any nature, including no warranties or representations of any type as to any ownership interest in any of the assets being held by the estate, free and clear of all liens, claims, encumbrances, or interests to Don Gibson for $40,000.00, which has been determined to be the highest and best offer. The sale is to be closed on March 8, 2005, at which time Don Gibson shall pay the remaining $36,000.00. Further, the Trustee has reserved his right to surcharge secured creditors for his maximizing their return, pursuant to 11 U.S.C. § 506(c).

9.    In the event the buyer does not close on March 8, 2005, then the buyer shall forfeit the down payment in the amount of $4,000.00 as liquidated damages, and the Trustee

Mar. 9. 2005  4:30PM   Bankier Christu Baks                    No. 4594   P. 7

shall be authorized and empowered to sell and transfer all assets of the Debtor, as is, where is, without any representations or warranties of any nature, free and clear of all liens, claims, encumbrances, or interests to the back up bidder.

10.    The sale is supported by the sound business judgment of the Trustee, all interested parties have been provided with adequate and reasonable notice, the sale price is fair and reasonable, and the purchaser is acting in good faith. The Court finds that despite the fact that Don Gibson is a creditor of the estate, and is in fact related to the Debtor's principal, Robert Gibson, he is a "good faith purchaser" under 11 U.S.C. § 363(m) and is entitled to the benefits and protections conferred upon a good faith purchaser pursuant to § 363(m).

MICHAEL BAKST

Atty.    ORDERED in the Southern District of Florida on March 9, 2005

directed to mail a conformed copy of this order to all interested parties and to file a certificate of service with the clerk of the Bankruptcy Court.

STEVEN H. FRIEDMAN
UNITED STATES BANKRUPTCY JUDGE

Copies to:
Michael R. Bakst, Trustee, 222 Lakeview Avenue, Suite 1330, West Palm Beach, FL 33041;
Glenn D. Moses, Esq., 100 Southeast Second Street, 36th Floor, Miami FL 33131;
Ronald T. Bevans, Esq., 122) Brickell Avenue, Suite 2660, Miami, FL 33131;
Steven Clark, Esq., P.O. Box 1107, Londonderry, NH 03053;
Steve Carrigan, Esq., 910 5th Avenue, Seattle, WA 98104;
[Michael R. Bakst, Esq. shall furnish a copy of this Order to all parties listed below and shall file a certificate of service with the Court.]
Robert E. Papes, 1190 Dolphin Road, Riviera Beach, FL 33404;
Don Gibson, 2301 Bay Drive, Pompano Beach, FL 33062;
Robert Gibson, Registered Agent and Director of Corblet Corporation, P.O. Box 15085, West Palm Beach, FL 33416;
Robert Gibson, Registered Agent and Director of Corbadox Corporation, P.O. Box 15085, West Palm Beach, FL 33416;
Robert Gibson, Registered Agent and Director of 1-800-SERVE-EM, Inc., P.O. Box 15085, West Palm Beach, FL 33416;
Robert Gibson, Registered Agent and Director of Jurifund Corporation, P.O. Box 15085, West Palm Beach, FL 33416;
Alan R. Barbee, 900 Osceola Drive, Suite 100, West Palm Beach FL 33409;
U.S. Trustee, 51 S.W. First Ave., Rm 1204, Miami FL 33130

BAE/me

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

Case No. 05-36640-BKC-SHF
Chapter 7

ROBERT A. GIBSON

          Debtor(s).

_____/

## TRUSTEE'S NOTICE OF INTENT TO ABANDON PROPERTY

NOTICE IS HEREBY given that the undersigned Trustee intends to abandon the Trustee's right, title and interest in the following:

1. "Stock in Bankrupt Companies"– no scheduled value given
2. "Accounts Receivable" described as follows and all scheduled at an "unknown" value:
   Brian Paonessa ($3,000.00)
   Debra Kapa Salon ($5,000.00+)
   Diane Phillips ($25,000.00 mortgage)
   KAS Towing ($1,500.00)
   Nat'l. Association of Professional Process Servers ($500,000.00)
   Ronald Alderic Tasse ($5,000.00+)
3. "Possible malpractice claims against attorneys"–no scheduled value given

The above accounts and/or potential suits are unliquidated and speculative; the Trustee has insufficient document to pursue or support any of them. The Bankruptcy Companies are currently being liquidated under Chapter 7 with no excess for shareholders anticipated. The mortgage was foreclosed by a higher priority mortgagee in 1999.

Objections to the proposed abandonment must be in writing and must be filed with the United States Bankruptcy Court, The Forum Building, 8th Floor, 1675 Palm Beach Lakes Boulevard, West Palm Beach, Florida 33401 and served on the Trustee at the address shown below within fifteen (15) days of the date of the mailing of this Notice.

Pursuant to Bankruptcy Rule 6007, the proposed abandonment will be deemed approved without necessity of a hearing or Order if no objection is filed and served within fifteen (15) days after the date of service of this Notice.

Dated: August 8, 2006.

By s/Patricia Dzikowski
PATRICIA DZIKOWSKI, TRUSTEE
1601 Sawgrass Corporate Parkway
Suite 120
Fort Lauderdale, Florida 33323
(954)835-0770

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                              Case No.  05-36640-BKC-SHF
                                                    Chapter   7

ROBERT A. GIBSON,

                Debtor(s).
_____/

## TRUSTEE'S REPORT OF ABANDONMENT

PATRICIA DZIKOWSKI, TRUSTEE, reports that the following was abandoned pursuant to

the Trustee's Notice of Intent to Abandon Property dated August 8, 2006:

1. "Stock in Bankrupt Companies"– no scheduled value given
2. "Accounts Receivable" described as follows and all scheduled at an "unknown" value:
   Brian Paonessa ($3,000.00)
   Debra Kapa Salon ($5,000.00+)
   Diane Phillips ($25,000.00 mortgage)
   KAS Towing ($1,500.00)
   Nat'l. Association of Professional Process Servers ($500,000.00)
   Ronald Alderic Tasse ($5,000.00+)
3. "Possible malpractice claims against attorneys"–no scheduled value given

DATED this 21st day of September 2006.

                                    by   s/Patricia Dzikowski
                                       PATRICIA DZIKOWSKI, TRUSTEE
                                       1601 Sawgrass Corporate Parkway
                                       Suite 120
                                       Fort Lauderdale, Florida 33323
                                       (954) 835-0770

CGFD28 (9/25/06)



**ORDERED in the Southern District of Florida on October 23, 2006**

Steven H. Friedman
United States Bankruptcy Judge

---

# United States Bankruptcy Court
## Southern District of Florida
### www.flsb.uscourts.gov
## Division:   West Palm Beach

Case Number: 05–36640–SHF

Chapter: 7

**In re:**  *(Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address)*

Robert A. Gibson
1711 Latham Rd
West Palm Beach, FL 33409

SSN: xxx–xx–8057

> *CLERK*
> *USBC*
> *SDFL*
> *FILED*
> *10/23/06*

## FINAL DECREE

The trustee, Patricia A Dzikowski, having filed a final report that the estate has been fully administered, is discharged and the case is closed.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                                          Case No. 05-36640-BKC-SHF
                                                                Chapter 7
ROBERT A. GIBSON

                              Debtor(s).
_____/

## AMENDED CERTIFICATE OF SERVICE
## (TO ATTACH CORRECT CASE MATRIX)

        I HEREBY CERTIFY that a correct copy of the Trustee's Notice of Intent To Abandon

Property, dated August 8, 2006, was furnished by first class, United States Mail, postage prepaid, or

by electronic service to all parties on the annexed list on this 24th day of August, 2006.


                                        By  s/Patricia Dzikowski
                                        PATRICIA DZIKOWSKI, TRUSTEE
                                        1601 Sawgrass Corporate Parkway
                                        Suite 120
                                        Fort Lauderdale, Florida 33323
                                        (954) 835-0770

# U.S. Bankruptcy Court
## Southern District of Florida (West Palm Beach)
## Adversary Proceeding #: 08-01209-PGH

*Assigned to:* Paul G Hyman Jr
*Related BK Case:* 03-32460
*Related BK Title:* Serve-em.com
*Related BK Chapter:* 7
*Demand:*
*Nature[s] of Suit:* 01 Determination of removed claim or cause

*Date Filed:* 03/19/08

### Plaintiff
-----------------------

**Woodie H. Thomas III, P.A**
1603 Vision Dr
Palm Beach Gardens, FL 33410

represented by **Woodie H. Thomas III, P.A**
PRO SE

V.

### Defendant
-----------------------

**Robert A Gibson**
POB 6786
West Palm Beach, FL 33405
SSN: xxx-xx-8057

represented by **Robert A Gibson**
PRO SE

**Donald Gibson**

represented by **Donald Gibson**
PRO SE

**Serve-em.com**
251 Royal Palm Way #600A
Palm Beach, FL 33480
(561)

represented by **Serve-em.com**
PRO SE

**Serve-Em, Incorporated**

represented by **Serve-Em, Incorporated**
PRO SE

**1-800-Serve-Em.com, Inc**

represented by **1-800-Serve-Em.com, Inc**
PRO SE

**Bike-Taxi Corporation**

represented by **Bike-Taxi Corporation**
PRO SE

Case 08-01209-PGH

| Corblet Corporation | represented by | **Corblet Corporation**<br>PRO SE |
|---|---|---|
| Corbadex Corporation | represented by | **Corbadex Corporation**<br>PRO SE |
| Jurifund Corporation | represented by | **Jurifund Corporation**<br>PRO SE |
| Airport Process, Inc | represented by | **Airport Process, Inc**<br>PRO SE |

| Filing Date | # | Docket Text |
|---|---|---|
| 03/19/2008 | 1 | Notice of Removal by Robert A Gibson. Nature of Suit: ,(01 (Determination of removed claim or cause)) (McLaughlin, Karen). (Entered: 03/19/2008) |

**PACER Service Center**

**Transaction Receipt**

03/24/2008 12:10:41

| PACER Login: | se2476 | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 08-01209-PGH Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Links: included Format: HTML |
| Billable Pages: | 1 | Cost: | 0.08 |

IN THE COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT OF FLORIDA, IN AND FOR PALM BEACH COUNTY

WOODIE H. THOMAS III
     Plaintiff,

vs.                   Case No. 502005 CC 012795XXXXNB

AIRPORT PROCESS, INC., etc.
     Defendants.

_____/

## NOTICE OF HEARING

     PLEASE BE ADVISED that the Defendants AIRPORT PROCESS, INC. and DON GIBSON, through undersigned counsel have called up for hearing before the Honorable Cory Ciklin, County Court Judge, at the North County Courthouse Annex, Courtroom 1, 3188 PGA Boulevard, Palm Beach Gardens, Florida 33410, the Defendants' Motion for Summary Judgment served February 28, 2007, at 1:00 p.m., (Uniform Motion Calendar).

     I CERTIFY that a true and correct copy of the foregoing was served by mail to Woodie H. Thomas III, 1603 Vision Drive, Palm Beach Gardens, Florida 33418 this 11th day of March, 2008.

                    LAW OFFICE OF RICHARD W. GLENN
                    11382 Prosperity Farms Rd, Suite F-222
                    Palm Beach Gardens, FL 33410
                    (561) 626-1011
                    Fax: (561) 626-1042

                    By
                    Richard W. Glenn
                    Fla. Bar 252395



IN THE COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

WOODIE H. THOMAS, III, P.A.           CASE NO.  502005 CC 012795XXXXNB

      Plaintiff,                                CIVIL DIVISION

v.

ROBERT A. GIBSON, Individually,

DONALD GIBSON, Individually,

SERVE-EM, INCORPORATED
A Florida Corporation,

SERVE-EM.COM, INC.
A Florida Corporation

1-800-SERVE-EM.COM, INC.
A Florida Corporation,

BIKE-TAXI CORPORATION
A Florida Corporation

CORBLET CORPORATION
A Florida Corporation,

CORBADEX CORPORATION,
A Florida Corporation

JURIFUND CORPORATION,
A Florida Corporation, and

AIRPORT PROCESS, INC.
A Florida Corporation

      Defendants,

Jointly and Severally.
_____/





## NOTICE OF MEDIATION

To: Richard W. Glenn, Esq.
   11382 Properity Farms Road, Building F-222
   Palm Beach Gardens, Florida 33410

Robert A. Gibson                          Mr. Robert A. Gibson
551 SE 8th St. #206                        C/O 1-800-Serve-Em
Delray Beach, FL 33483-5183                Airport Process, Inc.
                                           P.O. Box 6786
                                           West Palm Beach, FL 33415-2121

   YOU ARE HEREBY NOTIFIED that you must appear for mediation, in the

North County Courthouse, Danny Hoefling – Mediator, Room 221, 3188 PGA

Boulevard, Palm Beach Gardens, Florida 33410, 561-355-2431, on Thursday, March

20th, 2008 at 8:30 a.m. or as soon thereafter as same may be heard.

**PLEASE GOVERN YOURSELF ACCORDINGLY.**

### CERTIFICATE OF SERVICE

   I certify that a copy hereof has been furnished, by first class mail, postage
prepaid, on this date to Richard W. Glenn, Esq., 11382 Properity Farms Road, Building
F-222, Palm Beach Gardens, Florida 33410; Robert A. Gibson, 551 SE 8th St. #206,
Delray Beach, FL 33483-5183; and Danny Hoefling Mediator By Facsimile: 561-355-
1505.

March 10, 2008.

                                   Respectfully submitted,

                                   Woodie H. Thomas, III, Ph.D., Esq.
                                   Attorney for Plaintiffs
                                   Law Offices of
                                   Woodie H. Thomas, III, Ph.D., P.A.
                                   Attorney and Counselor at Law
                                   1603 Vision Drive
                                   Palm Beach Gardens, Florida 33410
                                   (561) 622-2900 (telephone)
                                   (561) 624-5124 (facsimile)
                                   Fla. Bar No. 940216

( 2 )

IN THE COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

WOODIE H. THOMAS, III, P.A.      CASE NO. 502005 CC 012795XXXXNB

      Plaintiff,             CIVIL DIVISION

v.

ROBERT A. GIBSON, Individually,

DONALD GIBSON, Individually,

SERVE-EM, INCORPORATED
A Florida Corporation,

SERVE-EM.COM, INC.
A Florida Corporation

1-800-SERVE-EM, INC.
A Florida Corporation

1-800-SERVE-EM.COM, INC.
A Florida Corporation,

BIKE-TAXI CORPORATION
A Florida Corporation

CORBLET CORPORATION
A Florida Corporation,

CORBADEX CORPORATION,
A Florida Corporation

JURIFUND CORPORATION,
A Florida Corporation, and

AIRPORT PROCESS, INC.
A Florida Corporation

      Defendants,

Jointly and Severally.

_____/





## PLAINTIFF'S WITNESS LIST

The Plaintiff, WOODIE H. THOMAS, III, P.A., a Florida Professional Association, per the Court's Trial Order, files this Witness List and states as follows:

1.  Woodie H. Thomas, III, Plaintiff

2.  Robert A. Gibson, Defendant

3.  Donald Gibson, Defendant

4.  Arlene Gibson, 2301 Bay Dr., Pompano Beach, FL 33062-2914

5.  Patricia Barron, 551 SE 8th St. #206, Delray Beach, FL 33483-5183

6.  Officer Michael De Marco, Ric L. Bradshaw, Sheriff of P.B. County, Florida.

7.  Plaintiff reserves the right to expand the witness list as a result of additional discovery, research, investigation and the responses to the pretrial order from defendants.

I HEREBY CERTIFY that a correct and true copy of the foregoing was furnished via U.S. mail to Richard W. Glenn, Esq., 11382 Prosperity Farms Road, Building F-222, Palm Beach Gardens, Florida 33410 and Robert A. Gibson, 551 SE 8th St. #206, Delray Beach, FL 33483-5183 on this February 29, 2008.

Woodie H. Thomas, III, Esq.
Attorney for Plaintiff
Florida and Federal Bar No. 940216

Woodie H. Thomas, III, Ph.D., P.A.
Attorney and Counselor at Law
1603 Vision Drive
Palm Beach Gardens, Florida 33418

(561) 622-2900

( 2 )

IN THE COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

WOODIE H. THOMAS, III, P.A.          CASE NO. 502005 CC 012795XXXXNB

      Plaintiff,          CIVIL DIVISION

v.

ROBERT A. GIBSON, Individually,

DONALD GIBSON, Individually,

SERVE-EM, INCORPORATED
A Florida Corporation,

SERVE-EM.COM, INC.
A Florida Corporation

1-800-SERVE-EM, INC.
A Florida Corporation

1-800-SERVE-EM.COM, INC.
A Florida Corporation,

BIKE-TAXI CORPORATION
A Florida Corporation

CORBLET CORPORATION
A Florida Corporation,

CORBADEX CORPORATION,
A Florida Corporation

JURIFUND CORPORATION,
A Florida Corporation, and

AIRPORT PROCESS, INC.
A Florida Corporation

      Defendants,

Jointly and Severally.
_____/





## PLAINTIFF'S EXHIBIT LIST

The Plaintiff, WOODIE H. THOMAS, III, P.A., a Florida Professional

Association, per the Court's Trial Order, files this Witness List and states as follows:

1. All case filed documents in the above caption matter including all discovery propounded by Plaintiff and Defendant's, particularly, the documents attached to Plaintiffs' Response to Defendant's Request To Produce dated 11/27/06.

2. All case filed documents in the matter of Gibson, et al. vs. National Association of Professional Process Servers, Inc., Case No. 502004CA003762 XXXXMBAH.

3. All case filed documents in the matter of Serve-Em.Com, Inc., Michael R. Bakst, Trustee in Bankruptcy for Serve-Em.Com, Inc. vs. Corblett Corporation, et al., Case No. Adv.Proc.No.:04-0318-BKC-SHF-A.

4. State of New Hampshire, Office of Secretary of State, Articles of Incorporation.1-800-Serve-Em, Inc.

5. Cargex Ammon L.P., Manchester, Hew Hampshire, Manchester Airport Lease Agreement and related documents.

6. All case filed documents in the matter of Wachovia Bank, N.A., vs. Bike-Taxi Corporation, et al. Case No. 502004CA000643XXXXMB.

7. Plaintiff reserves the right to expand the exhibit list as a result of additional discovery, research, investigation and the responses to the pretrial order from defendants.

I HEREBY CERTIFY that a correct and true copy of the foregoing was furnished via U.S. mail to Richard W. Glenn, Esq., 11382 Prosperity Farms Road, Building F-222, Palm Beach Gardens, Florida 33410 and Robert A. Gibson, 551 SE 8th St. #206, Delray Beach, FL 33483-5183 on this February 29, 2008.

Woodie H. Thomas, III, Esq.
Attorney for Plaintiff
Florida and Federal Bar No. 940216

Woodie H. Thomas, III, Ph.D., P.A.
Attorney and Counselor at Law
1603 Vision Drive
Palm Beach Gardens, Florida 33418

(561) 622-2900

# DIVISION "RH" MEDIATION PROCEDURES

1.  All parties are required to participate in mediation.

2.  Within ten (10) days of the date of this Order, counsel shall consult with each other and with Court Mediation and Arbitration Services, P.O. Box 1989, (**Room #6.21**) West Palm Beach,  Florida 33401, telephone - (561)355-4510, (or a comparable mediation service unaffiliated with the Fifteenth Judicial Circuit) to set a mediation conference, and file the appropriate <u>Notice of Compliance</u>.  **<u>NO FURTHER ORDER OF THIS COURT IS REQUIRED</u>.  This conference shall be held no later than ten (10) days prior to the date set for calendar call**, unless time is unavailable during that period from the Court Mediation and Arbitration Services.  In the event such time is unavailable, this office shall be notified immediately.

3.  The following procedures shall apply to the mediation conference:

    a.  The appearance of counsel and clients is mandatory.  If insurance is involved, an adjuster with <u>full and complete authority up to the policy limits</u>, or the most recent demand, whichever is lower, shall be present.

    b.  All parties shall present a brief, written summary of the case to the **mediator** no later than three (3) days before the scheduled mediation containing a list of all issues as to each party.

    c.  All discussions, representations and statements made at the mediation conference shall be privileged, consistent with Florida Statute 44.102 and 90.408.

    d.  The mediator shall be compensated at the rate of <u>$90.00</u> per hour.  Mediation fees shall be borne by the parties.  Where there are multiple parties, the fee shall be the responsibility of the principle parties.  **<u>EACH PARTY SHALL BRING TO THE MEDIATION SESSION PAYMENT IN ADVANCE FOR ½ HOUR OF MEDIATION SERVICES</u>**.  This payment shall be in the form of a check, money order or cash.  Checks and money orders shall be made payable to the mediator. Notice to the mediator of settlement or cancellation prior to the scheduled mediation conference must be given **at least two (2) full business days in advance**.  Failure to do so will result in a minimum fee for one hour being imposed.

    e.  The mediator has no power to compel or enforce settlement agreements.  If a settlement agreement is reached in the case, it shall be the responsibility of the attorneys to reduce the agreement  writing and comply with FLORIDA RULES OF CRIMINAL PROCEDURE 1.730(b).

4.  Completion of mediation as directed herein is a **prerequisite** to the trial of this cause.

5.  Any party opposing mediation may proceed under FRCP 1.700(c).

6.  AFTER THE CASE HAS BEEN MEDIATED, THE PLAINTIFF'S ATTORNEY SHALL, WITHIN FIVE DAYS OF THE MEDIATION CONFERENCE, INFORM THE COURT IN WRITING, INCLUDING THE DATE AND TIME OF TRIAL, AS TO WHETHER OR NOT THE CASE HAS BEEN SETTLED.