IN THE C NTY COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN AND
FOR PALM BEACH COUNTY, FLORIDA.
CIVIL DIVISION
CASE NO: 2005CC012795XXXXNB

WOODIE H. THOMAS, III, P.A.,
       Plaintiff,

vs.

ROBERT A. GIBSON, Individually,
DONALD GIBSON, Individually,
SERVE-EM INCORPORATED,
a Florida Corporation,
SERVE-EM. COM, INC.,
a Florida Corporation,
1-800-SERVE-EM,INC.,
a Florida Corporation,
1-800-SERVE-EM.COM, INC.
a Florida Corporation,
BIKE-TAXI CORPORATION,
a Florida Corporation,
CORBLET CORPORATION,
a Florida Corporation,
CORBADEX CORPORATION,
a Florida Corporation,
JURIFUND CORPORATION,
a Florida Corporation,
AIRPORT PROCESS, INC.,
a Florida Corporation,

       Defendants,

Jointly and Severally .

_____/

## ORDER SETTING NON-JURY TRIAL CALENDAR CALL AND DIRECTING PRETRIAL PROCEDURES

    This case is scheduled for a non-jury trial sometime during the three (3) week trial docket beginning, March 25, 2008.  Calendar call is scheduled for March 24, 2008 at 2:00 p.m. in Courtroom 1, North County Courthouse, 3188 PGA Boulevard, Palm Beach Gardens, FL 33410.

    Pursuant to Rules 1.200, 1.700, 1.710, 1.720, 1.730, 1.750, Rules of Civil Procedure, the attached Uniform Pretrial Procedures and Uniform Mediation Procedures shall govern all further proceedings and the parties shall comply with them.  Material non-compliance with this Order may result in the imposition of sanctions, the striking of pleadings, continuance of the case or such other action as justice requires. **THE COURT SHALL STRIKE ALL WITNESSES AND EXHIBITS THAT ARE NOT DISCLOSED PRIOR TO THE DEADLINES SPECIFIED IN THE UNIFORM PRETRIAL PROCEDURES UNLESS GOOD CAUSE IS SHOWN BY THE PARTY IN VIOLATION.**

In accordance with the Americans With Disabilities Act, persons in need of a special accommodation to participate in this proceeding or to access a court service, program or activity shall, within a reasonable time prior to any proceeding or need to access a service, program or activity, contact the Administrative Office of the Court, 205 North Dixie Highway, Room 5.25, West Palm Beach, Florida  33401, Telephone (561) 355-2431, 1-800-955-8771 (TDD),  or 1-800-955-8770 (V), via Florida Relay Service.

**SPANISH**

Si Ud. es una persona incapacitada que necesita de un servicio especial para participar en este proceso, Ud. tiene derecho a que le provean cierta ayuda sin costo alguno. Por favor pongase en



2005CC012795 THOMAS V. GIBSON ET AL
Page 2

contacto con el Coordinador de la Oficina Administrativa de la Corte ADA, situada en el 205 North Dixie Highway, Oficina 5.2500, West Palm Beach, Florida, 33401, teléfono ( 561) 355-2431, dentro de los dos (2) próximos días hábiles después de recibir esta [describa la notificación]; si tiene incapacidad de oír ó hablar llame al 1-800-955-8771.

**CREOLE**

Si ou sé yon moun ki Infim, ki  bézwen ninpôt akomodasyon pou ka patisipé nan pwosè sa-a, ou gen dwa, san'l pa kouté'w anyin, pou yo ba'w kèk sèvis.  Tanpri kontakté koôdinatè ADA ya nan Biro Administratif Tribinal nan cité Palm Beach la, ki  nan 205 North Dixie  Highway, Cham 5.2500, West Palm Beach, Florida 33401, niméro téléfonn-nan sé (561) 355-2431, rélé dé (2) jou dé lè ou résévwa [ notis sa-a]; si ou bèbè ou byen soud rélé 1-800-955-8771.

**FRENCH**

Si vous êtes infirme, et en besoin de n'importe accommodation pour pouvoir participer á ces procédures, vous pouvez gratuitement recevoir, certains  services.   S'il-vous-plait contactez le coordinateur du Bureau Administratif du Tribunal de Palm Beach, située à 205 North Dixie Highway, Chambre 5.2500, West Palm Beach, Florida 33401, numéro de téléphone (561) 355-2431 durant deux (2) jours suivant la réception de [ cette note]; si vous êtes muets ou sourds, appelez 1-800-955-8771.

      DONE AND ORDERED in Chambers at Palm Beach Gardens, Palm Beach County, Florida, this 6th day of February, 2008.

                                CORY J. CIKLIN
                                County Court Judge

Copies furnished to:

Woodie Thomas, III, Esq., 1603 Vision Drive, Palm Beach Gardens, FL 33418
Richard Glenn, Esq., 11382 Prosperity Farms Road, Bldg. F-222, Palm Beach Gardens, FL  33410
Robert Gibson, 551 SE 8th Street, #206, Delray Beach, FL  33483

## UNIFORM PRETRIAL PROCEDURES

A.    On the last business day no later than thirty (30) days prior to calendar call, the parties shall exchange lists of all trial exhibits, names and addresses of all trial witnesses, and names and addresses of all expert witnesses.

B.    On the last business day no later than twenty (20) days prior to calendar call, the parties shall exchange lists of names and addresses of all rebuttal witnesses.

C.    In addition to the names and addresses of each expert retained to formulate an expert opinion with regard to this cause, both at the initial listing and on rebuttal, the parties shall provide the following:
1.    The subject matter about which the expert is expected to testify;
2.    The substance of the facts and opinions to which the expert is expected to testify;
3.    A summary of the grounds for each opinion;
4.    A copy of any written reports issued by the expert, regarding this case, if any;
5.    A copy of the expert's curriculum vitae for experts who have been retained to render opinions about this case.

D.    On the last business day no later than fifteen (15) days prior to the date set for calendar call the parties shall confer and :
1.    Discuss settlement.
2.    Simplify the issues and stipulate, in writing, to as many facts and issues as possible.
3.    Prepare a Pretrial Stipulation in accordance with paragraph E.
4.    List all objections to trial exhibits.

E.    **PRETRIAL STIPULATIONS MUST BE FILED.**  It shall be the duty of counsel for the Plaintiff to see that the Pre-trial Stipulation is drawn, executed by counsel for all parties and filed with the Clerk no later than ten (10) days prior to calendar call.  **UNILATERAL PRETRIAL STATEMENTS ARE DISALLOWED, UNLESS APPROVED BY THE COURT, AFTER NOTICE AND HEARING SHOWING GOOD CAUSE.** Counsel for all parties are charged with good faith cooperation in this regard.  The Pretrial Stipulation shall contain the following separately numbered paragraphs:
1.    A list of all pending motions requiring action by the Court and the dates those motions are set for hearing.
2.    Stipulated facts which require no proof at trial which may be read to the trier of fact.
3.    A statement of all issues of fact for determination at trial.
4.    Each party's numbered list of trial exhibits with specific objections, if any, to schedules attached to the Stipulation.
5.    Each party's numbered list of trial witnesses with addresses (including all known rebuttal witnesses). The list of witnesses shall be on separate schedules attached to the Stipulation.
6.    A statement of estimated trial time.
7.    Names of attorney to try case.

F.    **FILING OF PRETRIAL STIPULATION.**  Failure to file the Pretrial Stipulation or a Court Approved Unilateral Stipulation as above provided may result in the case being stricken from the Court's calendar at its sounding or other sanctions.

G.    **ADDITIONAL, EXHIBITS, WITNESSES OR OBJECTIONS.**  At trial, the parties shall be strictly limited to exhibits and witnesses disclosed and objections reserved on the schedules attached to the Pretrial Stipulation prepared in accordance with Paragraphs D and E, absent agreement specifically stated in Pretrial Stipulation or order of the Court upon good cause shown.  Failure to reserve objections constitutes a waiver.  A party desiring to use an exhibit or witness discovered after counsel have conferred pursuant to Paragraph D, shall immediately furnish the Court and other counsel, with a description of the exhibit or with the witness' name and address and the expected subject matter of the witness' testimony, together with the reason for the late discovery of the exhibit or witness.  Use of the exhibit or witness may be allowed by the Court for good cause shown or to prevent manifest injustice.

H.    **DISCOVERY.**  Unless otherwise agreed in the Pretrial Stipulation, all discovery must be completed no later than ten (10) days before the date set for calendar call, absent agreement for later discovery specifically stated in the Pretrial Stipulation or other of for good cause shown.

I.    **UNIQUE QUESTIONS OF LAW.**  On the day of trial, counsel for the parties are directed to submit to the Court appropriate memoranda with citations to legal authority in support of any unique legal questions which may reasonably be anticipated to arise during the trial.

J.    **MODIFICATION TO UNIFORM PRETRIAL PROCEDURE.**  Upon written stipulation of the parties filed with the Court, the Pretrial Procedure may be modified in accordance with the parties stipulation, except to the extent that the stipulation may interfere with the Court's scheduling of this matter for trial.

K.    **PREMARKING EXHIBITS.**  Prior to trial, each party shall premark all exhibits in the manner customarily used by the court or clerk.

L.    **MEDIATION.  ALL PARTIES ARE ORDERED TO PARTICIPATE IN MEDIATION AND MEDIATION MUST OCCUR AS SET FORTH IN CIVIL DIVISION "RH" MEDIATION PROCEDURES.**

IN THE COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

WOODIE H. THOMAS, III, P.A.                    CASE NO. 502005 CC 012795XXXXNB

      Plaintiff,                                   CIVIL DIVISION

v.

ROBERT A. GIBSON, Individually,

DONALD GIBSON, Individually,

SERVE-EM, INCORPORATED
A Florida Corporation,

SERVE-EM.COM, INC.
A Florida Corporation

1-800-SERVE-EM, INC.
A Florida Corporation

1-800-SERVE-EM.COM, INC.
A Florida Corporation,

BIKE-TAXI CORPORATION
A Florida Corporation

CORBLET CORPORATION
A Florida Corporation,

CORBADEX CORPORATION,
A Florida Corporation

JURIFUND CORPORATION,
A Florida Corporation, and

AIRPORT PROCESS, INC.
A Florida Corporation

      Defendants,

Jointly and Severally.
_____/

## PLAINTIFF'S NOTICE FOR TRIAL

To:    Richard W. Glenn, Esq.
       11382 Properity Farms Road, Building F-222
       Palm Beach Gardens, Florida 33410

       Robert A. Gibson
       551 SE 8th St. #206
       Delray Beach, FL 33483-5183

YOU ARE NOTIFIED that:

1.  This action is at issue.
2.  This action is ready to be set for trial.
3.  The trial is a jury trial.
4.  The trial is expected to last 2 days.
5.  The trial is on the original action.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy was sent to Richard W. Glenn,

Esq., 11382 Properity Farms Road, Building F-222, Palm Beach Gardens, Florida 33410,

Robert A. Gibson, 551 SE 8th St. #206, Delray Beach, FL 33483-5183 by first class mail

on this 14th day of November, 2007

                                    Woodie H. Thomas, III, Esq.
                                    Attorney for Plaintiff – Pro Se
                                    Florida and Federal Bar No. 940216

                                    Woodie H. Thomas, III, Ph.D., P.A.
                                    Attorney and Counselor at Law
                                    1603 Vision Drive
                                    Palm Beach Gardens, Florida 33418

                                    (561) 622-2900

                                    ( 2 )

USA First-Class

WEST PALM BEACH
FL 334 3E
05 NOV 2007 PM

2007 NOV 13 AM 11: 31

FILED
PALM BEACH COUNTY CL.
NORTH COUNTY BRANCH

The Honorable Nancy Perez
North County Courthouse
3188 PGA Boulevard
Palm Beach Gardens, FL 33410

3

MR. ROBERT GIBSON
551 SE 8TH ST #206
DELRAY BEACH, FL 33483-5183

NIXIE    334    CE 1    76    11/08/07

RETURN TO SENDER
VACANT
UNABLE TO FORWARD

BC: 33410289499    *0375-23595-05-42

33483+5083

IN THE COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

WOODIE H. THOMAS, III, P.A.

     Plaintiff,

v.

ROBERT A. GIBSON, Individually,

DONALD GIBSON, Individually,

SERVE-EM, INCORPORATED
A Florida Corporation,

SERVE-EM.COM, INC.
A Florida Corporation

1-800-SERVE-EM.COM, INC.
A Florida Corporation,

BIKE-TAXI CORPORATION
A Florida Corporation

CORBLET CORPORATION
A Florida Corporation,

CORBADEX CORPORATION,
A Florida Corporation

JURIFUND CORPORATION,
A Florida Corporation, and

AIRPORT PROCESS, INC.
A Florida Corporation

     Defendants,

Jointly and Severally.

CASE NO.  502005 CC 012795XXXXNB

CIVIL DIVISION

_____/

ORDER

This action was heard on plaintiff's motion to strike defendant, Robert

Gibson's, motion to dismiss for lack of jurisdiction by the court and

IT IS ADJUDGED that the motion is DENIED without prejudice.  Defendant's motion to

dismiss for lack of jurisdiction remains as part of the answer as an affirmative defense.

SIGNED AND DATED

NOV - 5 2007

JUDGE NANCY PEREZ

_____
County Judge

Copies:

Richard W. Glenn, Esq., 11382 Property Farms Road, Building F-222, Palm Beach
Gardens, Florida 33410

Woodie H. Thomas, III, Esq., 1603 Vision Drive, Palm Beach Gardens, FL 33418

Robert A. Gibson, 551 SE 8th St. #206, Delray Beach, FL 33483-5183

( 2 )

IN THE COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

WOODIE H. THOMAS, III, P.A.                    CASE NO.  502005 CC 012795XXXXNB

     Plaintiff,                                              CIVIL DIVISION

v.

ROBERT A. GIBSON, Individually,

DONALD GIBSON, Individually,

SERVE-EM, INCORPORATED
A Florida Corporation,

SERVE-EM.COM, INC.
A Florida Corporation

1-800-SERVE-EM.COM, INC.
A Florida Corporation,

BIKE-TAXI CORPORATION
A Florida Corporation

CORBLET CORPORATION
A Florida Corporation,

CORBADEX CORPORATION,
A Florida Corporation

JURIFUND CORPORATION,
A Florida Corporation, and

AIRPORT PROCESS, INC.
A Florida Corporation

     Defendants,

Jointly and Severally.

_____/

ORDER

This action was heard on plaintiff's motion to strike defendant, Robert

Gibson's, motion to dismiss for lack of jurisdiction by the court and

IT IS ADJUDGED that the motion is DENIED without prejudice.  Defendant's motion to

dismiss for lack of jurisdiction remains as part of the answer as an affirmative defense.


_____  11/5/07
County Judge

Copies:

Richard W. Glenn, Esq., 11382 Properity Farms Road, Building F-222, Palm Beach
Gardens, Florida 33410

Woodie H. Thomas, III, Esq., 1603 Vision Drive, Palm Beach Gardens, FL 33418

Robert A. Gibson, 551 SE 8th St. #206, Delray Beach, FL 33483-5183

( 2 )

IN THE COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

WOODIE H. THOMAS, III, P.A.          CASE NO.  502005 CC 012795XXXXNB

     Plaintiff,                               CIVIL DIVISION

v.

ROBERT A. GIBSON, Individually,

DONALD GIBSON, Individually,                                                    (LM)

SERVE-EM, INCORPORATED
A Florida Corporation,

SERVE-EM.COM, INC.
A Florida Corporation

1-800-SERVE-EM.COM, INC.
A Florida Corporation,

BIKE-TAXI CORPORATION
A Florida Corporation

CORBLET CORPORATION
A Florida Corporation,

CORBADEX CORPORATION,
A Florida Corporation

JURIFUND CORPORATION,
A Florida Corporation, and

AIRPORT PROCESS, INC.
A Florida Corporation

     Defendants,

Jointly and Severally.
_____/

## NOTICE OF HEARING

     YOU ARE NOTIFIED that a hearing will be called up on the motion

72

calendar in this action on:

      Defendant Robert Gibson's Motion to Dismiss

The Court has been set as follows:

      JUDGE:  The Honorable Nancy Perez

      PLACE:  North Palm Beach County Courthouse

      TIME:  1:30 p.m.

      DATE:  October 25, 2007

## CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of the foregoing has been furnished to Law Office of Richard W. Glenn, Richard W. Glenn, Esq., 11382 Prosperity Farms Road, Palm Beach Gardens, FL 33410 and Robert Gibson, 551 SE 8TH ST #206, Delray Beach, FL 33483-5183 on this October 9, 2007.

Woodie H. Thomas, III, Esq.
Attorney for Defendant
Florida and Federal Bar No. 940216

Woodie H. Thomas, III, Ph.D., P.A.
Attorney and Counsellor at Law
1603 Vision Drive
Palm Beach Gardens, Florida 33418

(561) 622-2900
(561) 624-5124 Facsimile

( 2 )

IN THE COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

WOODIE H. THOMAS, III, P.A.      CASE NO.  502005 CC 012795XXXXNB

     Plaintiff,                 CIVIL DIVISION

v.

ROBERT A. GIBSON, Individually,

DONALD GIBSON, Individually,

SERVE-EM, INCORPORATED
A Florida Corporation,

SERVE-EM.COM, INC.
A Florida Corporation

1-800-SERVE-EM.COM, INC.
A Florida Corporation,

BIKE-TAXI CORPORATION
A Florida Corporation

CORBLET CORPORATION
A Florida Corporation,

CORBADEX CORPORATION,
A Florida Corporation

JURIFUND CORPORATION,
A Florida Corporation, and

AIRPORT PROCESS, INC.
A Florida Corporation

     Defendants,

Jointly and Severally.

_____/

2007 OCT - 1  AM II: 45

71  CH

ORDER

This action was heard on plaintiff's motion to strike defendant, Robert

Gibson's, motion to dismiss for lack of jurisdiction by the court and

IT IS ADJUDGED that the motion is DENIED.  Defendant will set the motion to dismiss

for the motion calendar.

County Judge                9/28/07

Copies:

Richard W. Glenn, Esq., 11382 Property Farms Road, Building F-222, Palm Beach
Gardens, Florida 33410

Woodie H. Thomas, III, Esq., 1603 Vision Drive, Palm Beach Gardens, FL 33418

Robert A. Gibson, 551 SE 8th St. #206, Delray Beach, FL 33483-5183

( 2 )

IN THE COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

WOODIE H. THOMAS, III, P.A.

      Plaintiff,

v.

ROBERT A. GIBSON, Individually,

DONALD GIBSON, Individually,

SERVE-EM, INCORPORATED
A Florida Corporation,

SERVE-EM.COM, INC.
A Florida Corporation

1-800-SERVE-EM, INC.
A Florida Corporation

1-800-SERVE-EM.COM, INC.
A Florida Corporation,

BIKE-TAXI CORPORATION
A Florida Corporation

CORBLET CORPORATION
A Florida Corporation,

CORBADEX CORPORATION,
A Florida Corporation

JURIFUND CORPORATION,
A Florida Corporation, and

AIRPORT PROCESS, INC.
A Florida Corporation

      Defendants,

Jointly and Severally.
_____/

CASE NO.  502005 CC 012795XXXXNB

CIVIL DIVISION



07 SEP -5  PM 4: 49

SHARON R. BOCK, CLERK
PALM BEACH COUNTY, FL
NORTH COUNTY BRANCH

FILED

70

## NOTICE OF HEARING

YOU ARE NOTIFIED that a hearing will be called up on the motion calendar in this action on:

Plaintiff's Motion To Strike Defendants Robert Gibson's Motion To Dismiss For Lack Of Jurisdiction

The Court has been set as follows:

JUDGE:  The Honorable Nancy Perez

PLACE:  North Palm Beach County Courthouse

TIME:    1:30 p.m.

DATE:    September 20, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing has been furnished to Richard W. Glenn, Esq., 11382 Prosperity Farms Road, Building F-222, Palm Beach Gardens, Florida 33410, and Robert A. Gibson, 551 SE 8th St. #206, Delray Beach, FL 33483-5183 on this September 4, 2007.

Woodie H. Thomas, III, Esq.
Attorney for Plaintiff
Florida and Federal Bar No. 940216

Woodie H. Thomas, III, Ph.D., P.A.
Attorney and Counsellor at Law
1603 Vision Drive
Palm Beach Gardens, Florida 33418

(561) 622-2900
(561) 624-5124 Facsimile

( 2 )

IN THE COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

WOODIE H. THOMAS, III, P.A.

    Plaintiff,

v.

ROBERT A. GIBSON, Individually,

DONALD GIBSON, Individually,

SERVE-EM, INCORPORATED
A Florida Corporation,

SERVE-EM.COM, INC.
A Florida Corporation

1-800-SERVE-EM, INC.
A Florida Corporation

1-800-SERVE-EM.COM, INC.
A Florida Corporation,

BIKE-TAXI CORPORATION
A Florida Corporation

CORBLET CORPORATION
A Florida Corporation,

CORBADEX CORPORATION,
A Florida Corporation

JURIFUND CORPORATION,
A Florida Corporation, and

AIRPORT PROCESS, INC.
A Florida Corporation

    Defendants,

Jointly and Severally.
_____/

CASE NO. 502005 CC 012795XXXXNB

CIVIL DIVISION



FILED

SEP - 5 2007

CIRCUIT & COUNTY COURTS
(CRIMINAL DIV. NORTH COUNTY)

69

## PLAINTIFFS' MOTION TO STRIKE
## DEFENDANTS ROBERT GIBSONS'
## MOTION TO DISMISS FOR LACK OF JURISDICTION

Plaintiff, Woodie H. Thomas, III, hereby moves this Court to strike defendants' motion to dismiss the complaint and would state:

1.  Defendant, Robert A. Gibson, has filed a motion to dismiss for lack of jurisdiction.

2.  The court has previously ruled on this matter after extensive testimony that Defendant, Robert A. Gibson, voluntarily submitted himself to the court's jurisdiction without objection in an order dated July 31st, 2007.

WHEREFORE, Plaintiff, Woodie H. Thomas, III, respectfully requests that the court grant plaintiffs' motion to strike defendant, Robert A. Gibson's, motion to dismiss for lack of jurisdiction.

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy hereof has been furnished to Richard W. Glenn, Esq., 11382 Prosperity Farms Road, Building F-222, Palm Beach Gardens, Florida 33410, and Robert A. Gibson, 551 SE 8th St. #206, Delray Beach, FL 33483-5183 by U.S. first class mail on September 4, 2007.

Respectfully submitted:

Woodie H. Thomas, III, Esq.
Attorney for Plaintiff

Law Office Of
Woodie H. Thomas, III, P.A.
Attorney and Counsellor at Law
1603 Vision Drive
Palm Beach Gardens, Florida 33418
(561) 622-2900
Fla. & Fed. Bar No. 940216

( 2 )

IN THE COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

WOODIE H. THOMAS, III, P.A.

Plaintiff,

v.

ROBERT A. GIBSON, Individually,

SERVE-EM, INCORPORATED, et al.

Defendants,

CASE NO. 502005 CC 012795XXXXNB

CIVIL DIVISION **RH**

**Motion to Dismiss for lack of
Jurisdiction and in the alternative
Answer and Affirmative Defenses
As Demanded by the Court**

Comes now Defendant Robert A. Gibson and pursuant to instructions from Judge

Nancy Perez, files this response in the form of a Motion to Dismiss and in the alternative

an Answer to the complaint as above styled and provided to Defendant in open court

July 27, 2007 and states as follows:


## MOTION TO DIMISS FOR LACK OF JURISDICTION


1.  The instant case was initially filed on September 29, 2005.

2.  15 days later Defendant, Robert Gibson filed (without knowledge of the
    September 29, 2005 lawsuit) for Chapter 7 Bankruptcy on October 14, 2005.

3.  Defendant, Robert Gibson was served with a Summons and Complaint on
    January 31, 2006.

4.  Debtor, Robert Gibson was discharged the very next day February 01, 2006

5.  Richard Glenn, attorney for Defendants Airport Process, Inc. and Don Gibson,
    has confirmed to me contemporaneously and again recently that in the course of
    conversation with Plaintiff, Woodie H. Thomas, the status of Defendant, Robert



Gibson's bankruptcy was discussed and was mentioned as a reason why Richard Glenn would not be representing Robert Gibson.

6. As mentioned in the "Explanation of Bankruptcy Discharge in a Chapter 7 Case" page of the attached Discharge Order, <u>some</u> debts which were not properly listed by the debtor are not discharged.  However, this would by a federal question that must be addressed in an ancillary action in the Bankruptcy court.

7. In this case the debt did not exist prior to the filing of the Bankruptcy petition and does not exist at this time.

8. The debt was not even alleged until this action was served on Defendant one day before discharge of debt.

9. If Plaintiff believes that his debt should survive the filing of a Bankruptcy petition and subsequent discharge, Plaintiff should file an Adversarial Proceeding with the Bankruptcy court.

10. After the filing of a Bankruptcy petition this court has no jurisdiction to consider debt alleged to have been incurred prior to that date unless and until the petition is dismissed.

11. Once discharged, any alleged debt not specifically excluded by law from the Bankruptcy may only be addressed though an action in the Bankruptcy court.

Wherefore, Defendant for the reasons above moves this court grant his motion for dismissal based on lack of jurisdiction.

## ANSWER

1. Substantially denied and demand strict proof thereof.

2. Denied that this action was brought to remedy causes of action arising under state law.

3. Calls for a conclusion of law and is therefore denied and demand strict proof thereof.

4. Denied and demands strict proof thereof.

5. Denied and demands strict proof thereof.

6. Denied and demands strict proof thereof.

7. Denied as above.

8. Unknown to Defendant therefore Denied and demands strict proof thereof.

9. Denied and demands strict proof thereof.

10. Denied and demands strict proof thereof.

11. Denied and demands strict proof thereof.

12. Denied and demands strict proof thereof.

13. Denied and demands strict proof thereof.

14. Denied that a billing statement was ever rendered until presented as an exhibit to the complaint in the instant action.


## AFFIRMATIVE DEFENSES

1. As and for a first affirmative defense, Defendant that states he never personally hired Plaintiff and has never incurred any debt to Plaintiff.

2. As and for a second affirmative defense, Defendant states that the "CORRECTED BILLING STATEMENT" attached to the complaint is a fabrication and a fraud and accordingly should be given no weight whatsoever.

3. As and for a third affirmative defense, Defendant states to the extent that Woodie Thomas ever performed any work for any corporation associated with Defendant Woodie Thomas was paid in full as agreed.

Wherefore, Defendant seeks judgment for Defendant and request sanctions as appropriate for this frivolous lawsuit and abuse of process.

Defendant,

Robert A. Gibson

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing along with attachments has been furnished to Mr. Woodie H. Thomas, 1603 Vision Drive, Palm Beach Gardens, FL 33418 by first class U.S. mail on this August 10, 2007.

Respectfully submitted:

Robert A. Gibson
551 SE 8th Street, Suite 206
Delray Beach, FL  33483-5183
DID 561.404.5701

Form CGFD39 (10/17/05)



ORDERED in the Southern District of Florida on February 1, 2006

Steven H. Friedman
United States Bankruptcy Judge

---

## United States Bankruptcy Court
### Southern District of Florida
### www.flsb.uscourts.gov
### Division: West Palm Beach

Case Number: 05–36640–SHF
Chapter: 7

**In re:** *(Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address)*

Robert A. Gibson
1711 Latham Rd
West Palm Beach, FL 33409

Last four digits of Social Security No(s).: xxx-xx-8057

> CLERK
> USBC
> SDFL
> **FILED**
> *2/1/06*

## DISCHARGE OF DEBTOR(S)

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED :**

The debtor is granted a discharge under § 727 of title 11, United States Code, (the Bankruptcy Code).

### SEE THE BACK OF THIS ORDER FOR "EXPLANATION OF BANKRUPTCY DISCHARGE".

Copies to: All Parties of record

*Page 1 of 2*

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:]* [There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts that are Not Discharged.

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes; **applies to cases filed on or after October 17, 2005;**

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts.

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans; **applies to cases filed on or after October 17, 2005.**

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

### # # #

*Page 2 of 2*

CGFD28 (9/25/06)



ORDERED in the Southern District of Florida on October 23, 2006

**Steven H. Friedman**
United States Bankruptcy Judge

---

## United States Bankruptcy Court
### Southern District of Florida
### www.flsb.uscourts.gov
### Division:   West Palm Beach

Case Number: 05–36640–SHF
Chapter: 7

In re:  *(Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address)*

Robert A. Gibson
1711 Latham Rd
West Palm Beach, FL 33409

SSN: xxx–xx–8057

CLERK
USBC
SDFL
FILED
10/23/06

## FINAL DECREE

The trustee, Patricia A Dzikowski, having filed a final report that the estate has been fully administered, is discharged and the case is closed.

IN THE COUNTY COURT OF THE
15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FL
CIVIL DIVISION RH
CASE NO. 502005CC012795XXXXNB

WOODIE H. THOMAS III PA
        Plaintiff,
vs.
ROBERT A. GIBSON, DONALD GIBSON
ETC., ET AL
        Defendant
_____/

## ORDER

**THIS MATTER** came before this Court on July 27, 2007 for hearing on Plaintiff's

Motion for Final Judgment.  The Defendant claims improper service.  The Court finds by

filing a Motion the Defendant submitted self to jurisdiction.  Defendant also claims he did

not receive a copy of the March 23, 2007 Order granting him time to respond.  Therefore,

the Court being otherwise fully advised, it is

        **ORDERED AND ADJUDGED** that the Defendant shall have ten days from the date

of this Order within which to file a response to the Complaint, a copy of which was

delivered to Defendant ⁄open Court.

        **DONE AND ORDERED** in Chambers at Palm Beach Gardens, Palm Beach County,

Florida, this _31st_ day of July, 2007.

                                            _Nancy Perez_
                                            NANCY PEREZ
                                            **County Court Judge**

Copies furnished:
Copies furnished:
To all parties on attached mailing list.

## Mailing List for Case No.
## 502005CC012795XXXXNB

Woodie H. Thomas, III, Esq.
1603 Vision Drive
Palm Beach Gardens, FL  33418

Richard W. Glenn, Esq.
11382 Prosperity Farms Road
Building F-222
Palm Beach Gardens, FL  33410

Patrick Casey, Esq.
515 North Flagler Drive, Suite 1900
West Palm Beach, FL  33401

Robert A. Gibson
551 SE 8th Street #206
Delray Beach, FL  33483

Serve-Em Inc.
c/o Robert A. Gibson
551 SE 8th Street #206
Delray Beach, FL  33483

Serve-Em.com, Inc.
c/o Robert A. Gibson
551 SE 8th Street #206
Delray Beach, FL  33483

1-800-Serve-Em, Inc.
c/o Robert A. Gibson
551 SE 8th Street #206
Delray Beach, FL  33483

1-800-Serve-Em.Com, Inc.
c/o Robert A. Gibson
551 SE 8th Street #206
Delray Beach, FL  33483

Bike-Taxi Corp.
c/o Robert A. Gibson
551 SE 8th Street #206
Delray Beach, FL  33483

Corblet Corporation
c/o Robert A. Gibson
551 SE 8th Street #206
Delray Beach, FL  33483

Corbadex Corporation
c/o Robert A. Gibson
551 SE 8th Street #206
Delray Beach, FL  33483

Jurifund Corporation
c/o Robert A. Gibson
551 SE 8th Street #206
Delray Beach, FL  33483

IN THE COUNTY COURT IN AND
FOR PALM BEACH COUNTY, FL
CIVIL DIVISION RH
CASE NO. 502005CC012795XXXXNB

WOODIE H. THOMAS III PA
    Plaintiff,

vs.

ROBERT A. GIBSON, DONALD
GIBSON, etc., et al
    Defendant

_____/

## ORDER SETTING HEARING

    **THIS MATTER** came before the Court on the Plaintiff's Motion for Final Judgment

by the Court filed June 25, 2007.  The Court having reviewed the file and being otherwise

fully advised, it is

    **ORDERED AND ADJUDGED** that the Motion for Final Judgment by the Court is set

for hearing before Judge Nancy Perez, on Friday, July 27, 2007 at 9:00 A.M. in Courtroom

1, North County Courthouse, 3188 PGA Blvd., Palm Beach Gardens, FL 33410.

    **DONE AND ORDERED** in Chambers at Palm Beach Gardens, Palm Beach County,

Florida, on this _____ 3rd day of July, 2007.

*Nancy Perez*

**NANCY PEREZ**
**County Court Judge**

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator in the Administrative Office of the Court, Palm Beach County Courthouse, 205 North Dixie Highway, Room 5.2500, West Palm Beach, Florida 33401; telephone number (561) 355-4380 within two (2) working days of your receipt of this notice; if you are hearing or voice impaired, call 1-800-955-8771.
**SPANISH**
Si Ud. es una persona incapacitada que necesita de un servicio especial para participar en este proceso, Ud. tiene derecho a que le provean cierta ayuda sin costo alguno. Por favor pongase en contacto con el Coordinador de la Oficina Administrativa de la Corte ADA, situada en el 205 North Dixie Highway, Oficina 5.2500, West Palm Beach, Florida, 33401, teléfono ( 561) 355-4380, dentro de los dos (2) próximos días hábiles después de recibir esta notificación; si tiene incapacidad de oir ó hablar llame al 1-800-955-8771.
**CREOLE**
Si ou sé yon moun ki Infirm, ki bézwen nirpôt akomodasyon pou ka patsipé nan pwosé sa-a, ou gen dwa, san'l pa koutéw anyin, pou yo ba'w kèk sèvis. Tanpn kontakté kòòdinaté ADA ya nan Biro Administratif Tribinal nan cité Palm Beach la, ki nan 205 North Dixie Highway, Cham 5.2500, West Palm Beach, Florida 33401, nimèro téléfonn-nan sè (561) 355-4380, rélé dé (2) jou dé lé ou résèwa notis sa-a; si ou bèbè ou byen soud rélé 1-800-955-8771.
**FRENCH**
Si vous êtes infirme, et en besoin de n'importe accommodation pour pouvoir participer à ces procédures, vous pouvez gratuitement recevoir, certains services. S'il-vous-plait contactez le coordinateur du Bureau Administratif du Tribunal de Palm Beach, située à 205 North Dixie Highway, Chambre 5.2500, West Palm Beach, Florida 33401, numéro de téléphone (561) 355-4380 durant deux (2) jours suivant la réception de note; si vous êtes muets ou sourds, appelez 1-800-955-8771.

Copies furnished:
To all parties on attached mailing list.

## Mailing List for Case No.
## 502005CC012795XXXXNB

Woodie H. Thomas, III, Esq.
1603 Vision Drive
Palm Beach Gardens, FL  33418

Richard W. Glenn, Esq.
11382 Prosperity Farms Road
Building F-222
Palm Beach Gardens, FL  33410

Patrick Casey, Esq.
515 North Flagler Drive, Suite 1900
West Palm Beach, FL  33401

Robert A. Gibson
551 SE 8th Street #206
Delray Beach, FL  33483

Serve-Em Inc.
c/o Robert A. Gibson
551 SE 8th Street #206
Delray Beach, FL  33483

Serve-Em.com, Inc.
c/o Robert A. Gibson
551 SE 8th Street #206
Delray Beach, FL  33483

1-800-Serve-Em, Inc.
c/o Robert A. Gibson
551 SE 8th Street #206
Delray Beach, FL  33483

1-800-Serve-Em.Com, Inc.
c/o Robert A. Gibson
551 SE 8th Street #206
Delray Beach, FL  33483

Bike-Taxi Corp.
c/o Robert A. Gibson
551 SE 8th Street #206
Delray Beach, FL  33483

Corblet Corporation
c/o Robert A. Gibson
551 SE 8th Street #206
Delray Beach, FL  33483

Corbadex Corporation
c/o Robert A. Gibson
551 SE 8th Street #206
Delray Beach, FL  33483

Jurifund Corporation
c/o Robert A. Gibson
551 SE 8th Street #206
Delray Beach, FL  33483



### Clerk to Judge
### TRANSMITTAL MEMO



Date: 07 02 07

**From:** ☑ civil clerks
☐ criminal clerks
☐ DV/RV clerks
☐ traffic violations clerks

initials of transmitting clerk _____

**Type of case:** ☐ small claims    ☐ eviction
☑ county civil    ☐ replevin
☐ circuit civil
☐ criminal
☐ traffic infraction
☐ DV/RV

**To:** Presiding Judge

**Re:** Case Number 05CC 012795

Please see docket number(s) 64. 65

☐ litigant waiting in clerk's office
☐ need judge signature
☐ need date/time from judge
☐ need direction from judge
☐ affidavit does not match stip.
☐ court registry deposit made
☐ new petition for judge's review
☐ does not state "less clerk's fees"

☐ for judge's information only
☑ new pleading/paper/note filing for judge's review
☐ memo of law will not be made part of file unless ordered
☐ other:_____

*Clerk's additional notes:* _____

Set for hg
notice all parties
@ all addresses

☐ no action necessary
☐ case already set for further court action (shall remain set)
☐ case must be noticed for trial by attorney/party
☐ party/attorney must call up for hearing
☐ Court treats letter as _____
_____
☐ Set for ___/___/___ at ___.m. hearing
☐ notify parties by phone
☐ case previously dismissed

☐ prepare form #_____
special instructions:_____

☐ close case
☐ proposed final judgment signed
☐ proposed order signed
☐ other:_____
_____
_____

2000.27

IN THE COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

WOODIE H. THOMAS, III, P.A.          CASE NO.  502005 CC 012795XXXXNB

      Plaintiff,          CIVIL DIVISION

v.

ROBERT A. GIBSON, Individually,

DONALD GIBSON, Individually,

SERVE-EM, INCORPORATED
A Florida Corporation,

SERVE-EM.COM, INC.
A Florida Corporation

1-800-SERVE-EM, INC.
A Florida Corporation

1-800-SERVE-EM.COM, INC.
A Florida Corporation,

BIKE-TAXI CORPORATION
A Florida Corporation

CORBLET CORPORATION
A Florida Corporation,

CORBADEX CORPORATION,
A Florida Corporation

JURIFUND CORPORATION,
A Florida Corporation, and

AIRPORT PROCESS, INC.
A Florida Corporation

      Defendants,

Jointly and Severally.

_____/





## MOTION FOR FINAL JUDGMENT BY THE COURT

Plaintiff moves for entry of a final judgment by the Court against defendant,

**ROBERT A. GIBSON, INDIVIDUALLY,** after a default was entered for failure to

serve any paper on the undersigned or file any papers required by law and pay damages

the sum of $ 7,940.00 with costs of $180.00 for service of process for each of the nine (9)

Defendant's ($20.00) and a $255.00 filing fee, making a total of $ 8,375.00.

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy hereof has been furnished to Richard W.

Glenn, Esq., 11382 Properity Farms Road, Building F-222, Palm Beach Gardens, Florida

33410, and Robert A. Gibson, 551 SE 8th St. #206, Delray Beach, FL 33483-5183 on this

June 22, 2007.

Respectfully submitted:

Woodie H. Thomas, III, Esq.
Attorney for Plaintiff

Law Office Of
Woodie H. Thomas, III, P.A.
Attorney and Counsellor at Law
1603 Vision Drive
Palm Beach Gardens, Florida 33418
(561) 622-2900
Fla. & Fed. Bar No. 940216

( 2 )

IN THE COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

WOODIE H. THOMAS, III, P.A.

      Plaintiff,

v.

ROBERT A. GIBSON, Individually,

DONALD GIBSON, Individually,

SERVE-EM, INCORPORATED
A Florida Corporation,

SERVE-EM.COM, INC.
A Florida Corporation

1-800-SERVE-EM.COM, INC.
A Florida Corporation,

BIKE-TAXI CORPORATION
A Florida Corporation

CORBLET CORPORATION
A Florida Corporation,

CORBADEX CORPORATION,
A Florida Corporation

JURIFUND CORPORATION,
A Florida Corporation, and

AIRPORT PROCESS, INC.
A Florida Corporation

      Defendants,

Jointly and Severally.

_____/

CASE NO.  502005 CC 012795XXXXNB

CIVIL DIVISION



## MOTION FOR DEFAULT BY THE COURT

Plaintiff moves for entry of a default by the court against defendant, ROBERT A.

GIBSON, individually, for failure to serve or file written defenses as required by law as ordered on March 26th, 2007. [Docket No. 56].

The undersigned certifies that a copy hereof has been furnished to Richard W. Glenn, Esq., 11382 Property Farms Road, Building F-222, Palm Beach Gardens, Florida 33410, and Robert A. Gibson, 551 SE 8th St. #206, Delray Beach, FL 33483-5183 by U.S. first class mail on June 22nd, 2007.

                                        Respectfully submitted:

                                        Woodie H. Thomas, III, Esq.
                                        Attorney for Plaintiff

                                        Law Office Of
                                        Woodie H. Thomas, III, P.A.
                                        Attorney and Counsellor at Law
                                        1603 Vision Drive
                                        Palm Beach Gardens, Florida 33418
                                        (561) 622-2900
                                        Fla. & Fed. Bar No. 940216

( 2 )

LAW OFFICE OF

# WOODIE H. THOMAS, III, Ph.D., P.A.
### Attorney and Counsellor at Law

1603 Vision Drive
Palm Beach Gardens, Florida 33418

(561) 622-2900                                                     (561) 624-5124 Facsimile

June 22, 2007

The Honorable Nancy Perez
Fifteenth Judicial County Court
North County Courthouse
3188 PGA Blvd.
Palm Beach Gardens, FL 33410
Re: Thomas vs. Gibson et al.
CASE NO. 502005 CC 012795XXXXNB

Dear Judge Perez:

Please find enclosed the following:

1. Motion For Default By The Court.
2. Order On Default By The Court.
3. Motion For Final Judgment
4. Final Judgment

The court ordered the defendant, Robert A. Gibson, to file an answer on March 26, 2007
within twenty (20) days. [Docket No. 26]  The defendant filed no answer within twenty
(20) days as ordered by the court.  The Affidavit of Indebtedness [Docket No. 39] and
Affidavit of Costs [Docket No. 40] were previously filed. Would you please be so kind as
to enter the Default and Final Judgment.  Self-addressed stamped envelopes are enclosed.

Very truly yours,

Woodie H. Thomas, III
Attorney for Plaintiff – Pro Se

WHT/lmt

Enc(s):
C: R.Glenn, Esq./R.Gibson

IN THE COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

WOODIE H. THOMAS, III, P.A.

    Plaintiff,

v.

ROBERT A. GIBSON, Individually,

DONALD GIBSON, Individually,

SERVE-EM, INCORPORATED
A Florida Corporation,

SERVE-EM.COM, INC.
A Florida Corporation

1-800-SERVE-EM.COM, INC.
A Florida Corporation,

BIKE-TAXI CORPORATION
A Florida Corporation

CORBLET CORPORATION
A Florida Corporation,

CORBADEX CORPORATION,
A Florida Corporation

JURIFUND CORPORATION,
A Florida Corporation, and

AIRPORT PROCESS, INC.
A Florida Corporation

    Defendants,

Jointly and Severally.

CASE NO.  502005 CC 012795XXXXNB

CIVIL DIVISION



_____/

## MOTION FOR DEFAULT BY THE COURT

Plaintiff moves for entry of a default by the court against defendant, ROBERT A.

GIBSON, individually, for failure to serve or file written defenses as required by law as ordered on March 26th, 2007. [Docket No. 56].

The undersigned certifies that a copy hereof has been furnished to Richard W. Glenn, Esq., 11382 Property Farms Road, Building F-222, Palm Beach Gardens, Florida 33410, and Robert A. Gibson, 551 SE 8th St. #206, Delray Beach, FL 33483-5183 by U.S. first class mail on June 22nd, 2007.

Respectfully submitted:

Woodie H. Thomas, III, Esq.
Attorney for Plaintiff

Law Office Of
Woodie H. Thomas, III, P.A.
Attorney and Counsellor at Law
1603 Vision Drive
Palm Beach Gardens, Florida 33418
(561) 622-2900
Fla. & Fed. Bar No. 940216

(2)

LAW OFFICE OF

# WOODIE H. THOMAS, III, Ph.D., P.A.
## Attorney and Counsellor at Law

1603 Vision Drive
Palm Beach Gardens, Florida 33418

(561) 622-2900                                             (561) 624-5124 Facsimile

June 22, 2007

The Honorable Nancy Perez
Fifteenth Judicial County Court
North County Courthouse
3188 PGA Blvd.
Palm Beach Gardens, FL 33410
Re: Thomas vs. Gibson et al.
CASE NO. 502005 CC 012795XXXXNB

Dear Judge Perez:

Please find enclosed the following:

  1.  Motion For Default By The Court.
  2.  Order On Default By The Court.
  3.  Motion For Final Judgment
  4.  Final Judgment

The court ordered the defendant, Robert A. Gibson, to file an answer on March 26, 2007
within twenty (20) days. [Docket No. 26]  The defendant filed no answer within twenty
(20) days as ordered by the court.  The Affidavit of Indebtedness [Docket No. 39] and
Affidavit of Costs [Docket No. 40] were previously filed. Would you please be so kind as
to enter the Default and Final Judgment.  Self-addressed stamped envelopes are enclosed.

Very truly yours,

Woodie H. Thomas, III
Attorney for Plaintiff – Pro Se

WHT/lmt

Enc(s):
C: R.Glenn, Esq./R.Gibson

IN THE COUNTY COURT OF THE FIFTEENTH JUDICIAL
CIRCUIT COURT OF FLORIDA, IN AND FOR PALM BEACH COUNTY

CASE NO.: 05 CC 012795 NB

WOODIE H. THOMAS, III,

    Plaintiff,

vs.

AIRPORT PROCESS, INC.,

    Defendants.

_____ __ __/



## NOTICE OF CHANGE OF ADDRESS

    The law office of Richard W. Glenn, Attorney at Law hereby gives notice of the new address

for Richard W. Glenn effective on May 30, 2007:

11382 Prosperity Farms Road
Building F-222
Palm Beach Gardens, Florida 33410
Phone: (561)626-1011
Fax: (561)626-1042

    I HEREBY CERTIFY that a true copy of the foregoing has been furnished by Mail this 17
day of May, 2007, to: Patrick Casey, Esq., 515 North Flagler Drive, Suite 1900, West Palm Beach,
FL 33401

LAW OFFICE OF RICHARD W. GLENN
4 Harvard Circle, Suite 600
West Palm Beach, Florida 33409
Telephone: (561)687-7235
Facsimile: (561)687-7245

_____
RICHARD W. GLENN
Florida Bar No.: 252395

cc:   Client

IN THE COUNTY COURT OF THE FIFTEENTH JUDICIAL
CIRCUIT COURT OF FLORIDA, IN AND FOR PALM BEACH COUNTY

CASE NO.: 05 CC 012795 NB

WOODIE H. THOMAS, III,

    Plaintiff,

vs.

AIRPORT PROCESS, INC.,

    Defendants.

_____ ___ _____/

## NOTICE OF CHANGE OF ADDRESS

    The law office of Richard W. Glenn, Attorney at Law hereby gives notice of the new address

for Richard W. Glenn effective on May 30, 2007:

11382 Prosperity Farms Road
Building F-222
Palm Beach Gardens, Florida 33410
Phone: (561)626-1011
Fax: (561)626-1042

    I HEREBY CERTIFY that a true copy of the foregoing has been furnished by Mail this 17
day of May, 2007, to: Woodie H. Thomas, III, 1603 Vision Drive, Palm Beach Gardens, FL 33418.

LAW OFFICE OF RICHARD W. GLENN
4 Harvard Circle, Suite 600
West Palm Beach, Florida 33409
Telephone: (561)687-7235
Facsimile: (561)687-7245


RICHARD W. GLENN
Florida Bar No.: 252395

cc:    Client

IN THE COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT OF FLORIDA, IN AND FOR PALM BEACH COUNTY

WOODIE H. THOMAS III
     Plaintiff,
vs.
                    Case No. 502005 CC 012795XXXXNB
AIRPORT PROCESS, INC., etc.
     Defendants.
_____/

## AGREED ORDER ON MOTION TO FILE LATE ANSWERS TO REQUESTS FOR ADMISSIONS

THIS CAUSE came before the Court on the Motion of the Defendants Airport Process, Inc. and Don Gibson to file answers, out of time, to the Requests for Admission filed by the Plaintiff on November 29, 2006 and the Court, being aware of the agreement of counsel regarding this motion, and being otherwise fully advised in the premises, it is ORDERED AND ADJUDGED that the motion is granted. The answers served by these Defendants on February 28, 2007 shall be accepted by the Court as if having been timely filed.

DONE AND ORDERED in chambers in North Palm Beach, this 19th day of April, 2007.

Nancy Perez
County Court Judge

copies to counsel:
Woodie H. Thomas III,
1603 Vision Drive,
Palm Beach Gardens, Florida 33418

Richard W. Glenn
4 Harvard Circle, Suite 600
West Palm Beach, Florida 33409

Copy to Robert Gibson

Lel CH

IN THE COUNTY COURT OF THE
15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FL
CIVIL DIVISION RH
CASE NO. 502005CC012795XXXXNB

WOODIE H. THOMAS III
    Plaintiff,

vs.

AIRPORT PROCESS, INC., etc., et al
    Defendant

_____/

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of Docket Nos. 28, 32, 37, 38, 39,

40, 41, 42 and 43, in the above styled matter have been mailed this 29th day of March,

2007 to Richard W. Glenn, Esq. 4 Harvard Circle, Suite 600, West Palm Beach, FL 33409.

                                          *Nancy Perez*

                                        **NANCY PEREZ**
                                      **County Court Judge**

Copies furnished:
Woodie H. Thomas, III
1603 Vision Drive
Palm Beach Gardens, FL  33418

Richard W. Glenn
4 Harvard Circle, Suite 600
West Palm Beach, FL  33409

Robert Gibson
551 SE 8th Street, Suite 3206
Delray Beach, FL  33483

IN THE COUNTY COURT OF THE
15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FL
CIVIL DIVISION RH
CASE NO. 502005CC012795XXXXNB

WOODIE H. THOMAS III
    Plaintiff,

vs.

AIRPORT PROCESS, INC., etc., et al
    Defendant

_____/

### ORDER

**THIS MATTER** having come before the Court on Defendants, AIRPORT PROCESS,

INC., and DON GIBSON's Motion to Require Service of Pleadings filed March 2, 2007.

The Court having examined the pleadings on file and being otherwise fully advised, it is

**ORDERED AND ADJUDGED** that all parties must furnish copies of all pleadings

and papers filed to the opposing party and/or their attorneys as required.

**DONE AND ORDERED** in Chambers at Palm Beach Gardens, Palm Beach County,

Florida, this _29_ day of March, 2007.

_Nancy Perez_
NANCY PEREZ
**County Court Judge**

Copies furnished:
Woodie H. Thomas, III
1603 Vision Drive
Palm Beach Gardens, FL  33418

Richard W. Glenn
4 Harvard Circle, Suite 600
West Palm Beach, FL  33409

Robert Gibson
551 SE 8th Street, Suite 3206
Delray Beach, FL  33483

59 CH

IN THE COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT OF FLORIDA, IN AND FOR PALM BEACH COUNTY

WOODIE H. THOMAS III
     Plaintiff,
vs.                    Case No. 502005 CC 012795XXXXNB
AIRPORT PROCESS, INC., etc.
     Defendants.

_____/

## AGREED ORDER ON MOTION TO STRIKE

THIS CAUSE came before this Court on the Motion to Strike filed by the Plaintiff WOODIE

H. THOMAS III, and the Court, being aware of the agreement of counsel and being otherwise fully

advised in the premises, it is ORDERED AND ADJUDGED that the motion is denied.

DONE AND ORDERED in chambers this 26 day of March, 2007.

Nancy Perez
County Court Judge

copies to counsel:
Woodie H. Thomas III,
1603 Vision Drive,
Palm Beach Gardens, Florida 33418

Richard W. Glenn
4 Harvard Circle, Suite 600
West Palm Beach, Florida 33409

copy to Robert Gilson

58 CH

IN THE COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT OF FLORIDA, IN AND FOR PALM BEACH COUNTY

WOODIE H. THOMAS III
     Plaintiff,
vs.                Case No. 502005 CC 012795XXXXNB
AIRPORT PROCESS, INC., etc.
     Defendants.
_____/

## AGREED ORDER ON MOTION TO DISMISS
## AMENDED COMPLAINT

     THIS CAUSE came before this Court on the Motion to Dismiss the Amended Complaint

filed by the Defendant AIRPORT PROCESS, INC. and DON GIBSON, and the Court, being aware

of the agreement of counsel and being otherwise fully advised in the premises, it is ORDERED

AND ADJUDGED that the motion is denied.

     DONE AND ORDERED in chambers this 26 day of March, 2007.

                                    Nancy Perez
                                    County Court Judge

copies to counsel:
Woodie H. Thomas III,
1603 Vision Drive,
Palm Beach Gardens, Florida 33418

Richard W. Glenn
4 Harvard Circle, Suite 600
West Palm Beach, Florida 33409

*Robert Gibson*

57-CH

IN THE COUNTY COURT OF THE
15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FL
CASE NO.    502005CC012795XXXXNB
DIVISION RH

WOODIE H. THOMAS III PA
    Plaintiff
vs.
ROBERT A. GIBSON and
SERVE-EM INCORPORATED
    Defendant
_____/

## EX PARTE ORDER

    **THIS MATTER** having come before the Court on its own Motion, the Court having

reviewed same and being otherwise fully advised in the premises, IT IS

    **ORDERED AND ADJUDGED** that the Defendant, ROBERT A. GIBSON, shall have

twenty days from the date of this order within which to file a written response to the

Complaint filed September 29, 2005.

    **DONE AND ORDERED** in Chambers at Palm Beach Gardens, Palm Beach County,

Florida, this _26th_ day of March, 2007.

_Nancy Perez_
NANCY PEREZ
**County Court Judge**

Copies Furnished:
Woodie H. Thomas III, Esq.
1603 Vision Drive
Palm Beach Gardens, FL  33418

Robert A. Gibson
551 SE 8th Street, Suite 206
Delray Beach, FL  33483

Richard W. Glenn, Esq.
4 Harvard Circle, Suite 600
West Palm Beach, FL  33409

54 CH

IN THE COUNTY COURT OF THE FIFTEENTH JUDICIAL
CIRCUIT COURT OF FLORIDA, IN AND FOR PALM BEACH COUNTY

CASE NO.: 05 CC 012795 NB

WOODIE H. THOMAS, III,

    Plaintiff,

vs.

AIRPORT PROCESS, INC.,

    Defendants.

_____/

## NOTICE OF HEARING

**MATTER:**    Motion To File Late Response to Request for Admission

**JUDGE:**    Honorable

**PLACE:**    North County Courthouse, 3188 PGA Blvd., Courtroom 1, Palm Beach Gardens

**DATE:**    Thursday, March 29, 2007

**TIME:**    1:30 p.m.

Please govern yourself accordingly.

    I HEREBY CERTIFY that a true copy of the foregoing has been furnished by Mail this 19th day of March, 2007 to: Woodie H. Thomas, III, 1603 Vision Drive, Palm Beach Gardens, FL 33418

LAW OFFICE OF RICHARD W. GLENN
4 Harvard Circle, Suite 600
West Palm Beach, Florida 33409
Telephone: (561)687-7235
Facsimile: (561)687-7245


RICHARD W. GLENN
Florida Bar No.: 252395

cc:    JA
        Client



IN THE COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

WOODIE H. THOMAS, III, P.A.      CASE NO.  502005 CC 012795XXXXNB

      Plaintiff,                 CIVIL DIVISION

v.

ROBERT A. GIBSON, Individually,

DONALD GIBSON, Individually,

SERVE-EM, INCORPORATED
A Florida Corporation,

SERVE-EM.COM, INC.
A Florida Corporation

1-800-SERVE-EM, INC.
A Florida Corporation

1-800-SERVE-EM.COM, INC.
A Florida Corporation,

BIKE-TAXI CORPORATION
A Florida Corporation

CORBLET CORPORATION
A Florida Corporation,

CORBADEX CORPORATION,
A Florida Corporation

JURIFUND CORPORATION,
A Florida Corporation, and

AIRPORT PROCESS, INC.,
A Florida Corporation

      Defendants,

Jointly and Severally.

_____/





## AFFIDAVIT IN OPPOSITION OF MOTION FOR SUMMARY JUDGMENT

**STATE OF FLORIDA**

**COUNTY OF PALM BEACH**

 **BEFORE ME the undersigned authority personally appeared WOODIE H. THOMAS, III, who, being duly sworn, states and deposes as follows:**

 1. I am an attorney at law in good standing practicing in the State of Florida since 1992 under the Professional Association name of Woodie H. Thomas, III, P.A.

 2. That Plaintiff, Donald and Arlene Gibson, and their son Robert Gibson had a business lunch meeting.

 3. That Donald Gibson and the undersigned counsel wanted mutual assurances that Plaintiff had his, his wife Arlene and their son's best interest in representing the various business entities since Plaintiff and Defendant's were adversaries in prior litigation.

 4. That since Plaintiff was familiar with the Gibson's fraudulent history, Plaintiff wanted assurances the attorney fees and costs would be paid.  Both Donald Gibson and Robert Gibson guaranteed Plaintiff would be paid for legal services.  In fact, Donald Gibson and Robert Gibson went out his way to assure Plaintiff that Plaintiff would be paid promptly for legal services and costs which occurred for several months.

 5. That the goal of the legal representation was to end all litigation with the various creditors and investors and funnel future business into "Airport Process" then located in Manchester, New Hampshire at the airport and Palm Beach County to save Mr. and Mrs. Donald Gibson's investment in their son's business as the investment funds

2

was from their retirement monies.  Allegedly, Robert Gibson had business connections with the New Hampshire governor and the Libertarian Party as part of the Free State Project.

6.   That the legal services ended when Robert Gibson represented that he intended to dump his long time live in girl friend who basically worked for free so he wouldn't have to pay her.

7.   That the legal representation ended when Robert Gibson announced he had no intention to either pay creditors or negotiate with investors to recoup their investment as they were disloyal.

8.   That Robert Gibson had decided in his opinion that because they were disloyal and he had no further obligation to either pay the creditors or save the investors investments in the various business entities.

9.   That Robert Gibson believed it was now time to get rid of these people and then make million of dollars with an international service of process business in a suite he was remodeling out of the Manchester International Airport, New Hampshire with a hub concept similar to Federal Express as a national and international service center with the software he developed over many years with investor money.

10. That based on personal knowledge and belief the Gibson's have conspired to defraud creditors and investors for years with numerous fraudulent conveyances for the purpose to make "millions" and recoup the parent's investment.

11. That despite Mr. Robert Gibson's representations that he wanted to clear up the numerous law suits and his nefarious reputation with NAPPS and the his reputation in

3