general in the service of process business when the undersigned counsel was retained, Mr. Gibson then stated he had no intention of negotiating settlements with creditors, investors and NAPPS which was the initial reason the undersigned counsel accepted the legal representation and save Donald and Arlene Gibson's investment.

12. That, at the same time, Mr. Robert Gibson's announced his plan to move his personal and the corporate assets to Manchester, New Hampshire and convey all personal and corporate assets subject to various security interests and bankruptcy proceedings.

13. That the undersigned counsel could no longer represent the various interests of the Defendant's either ethically or with the potential for criminal sanctions for the removal of the personal and corporate assets subject to creditor's rights and court orders from the bankruptcy court.

14. That Robert Gibson has the capacity to increase the revenue for the service of process business and pay off the creditors and protect the investment of investors, but represents he chooses to defraud all those he perceives as his enemy.

15. That the legal services and the amount due and owing have never been in dispute.

16. That the Plaintiff, WOODIE H. THOMAS, III, P.A., has neither received notice nor is the subject of any bankruptcy court jurisdiction for any individual or corporate bankruptcy proceedings in the above captioned matter that discharged creditor

4

rights in any personal or corporate assets of Defendant's.

Under penalties of perjury, I declare that I have read the foregoing Affidavit and the facts stated in it are true.

Woodie H. Thomas, III

Sworn to and subscribed before me on this March 16, 2007 by WOODIE H. THOMAS, III.

NOEMI GOLCHER
Comm# DD0583717
Expires 8/10/2010
Florida Notary Assn., Inc

Notary Public

Personally known _____ OR Produced Identification ✓ FLDR

Type of Identification Produced  Florida D.L.

5

4130

**IN THE COUNTY COURT OF THE**
**15TH JUDICIAL CIRCUIT IN AND**
**FOR PALM BEACH COUNTY, FL**
**CIVIL DIVISION RH**
**CASE NO. 502005CC012795XXXXNB**

**WOODIE H. THOMAS III PA**
    **Plaintiff,**

**vs.**

**ROBERT A. GIBSON and**
**SERVE-EM INCORPORATED**
    **Defendant**

_____/

## ORDER

    **THIS MATTER** came before this Court on February 1, 1007 on Defendant's Motion to Vacate Final Judgment.  The Court having examined the pleadings on file finds that Defendant, ROBERT A. GIBSON filed bankruptcy on October 14, 2005.  Defendant was not served until January 31, 2006, therefore was unaware of the cause of action to notify the Court of the Stay.  However, 11 USCA §362 provides the filing of the petition is an automatic stay of any judicial proceeding.  Therefore, as to Defendant, ROBERT A. GIBSON, any action taken after October 12, 2005 is vacated and set aside, including the Final Judgment against ROBERT A. GIBSON entered on December 4, 2006.  Based on the foregoing it is

    **ORDERED AND ADJUDGED** that the Final Judgment entered December 4, 2006 and recorded at 21189 at Page 1881 is vacated and set aside as to Defendant, ROBERT A. GIBSON.  It is further

    **ORDERED AND ADJUDGED** that the Default entered on July 19, 2006 as to Defendant, ROBERT A. GIBSON is vacated and set aside due to the federal stay.

    **DONE AND ORDERED** in Chambers at Palm Beach Gardens, Palm Beach County, Florida, this 6th day of March, 2007.

_Nancy Perez_
**NANCY PEREZ**
**County Court Judge**

Copies furnished:
Woodie H. Thomas, III, Esq.
1603 Vision Drive
Palm Beach Gardens, FL  33418

Robert A. Gibson
551 SE 8th Street, Suite 206
Delray Beach, FL  33483

53

IN THE COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT OF FLORIDA, IN
AND FOR PALM BEACH COUNTY

WOODIE H. THOMAS III
    Plaintiff,
vs.                     Case No. 502005 CC 012795XXXXNB
AIRPORT PROCESS, INC., etc.
    Defendants.

_____/

### NOTICE OF SERVICE OF ANSWERS TO INTERROGATORIES

COMES NOW the Defendant DON GIBSON and serve notice that he has, on this date,

served his answers to the interrogatories served by the Plaintiff on November 29, 2006.

I CERTIFY that a true and correct copy of the foregoing was served by mail to Woodie

H. Thomas III, 1603 Vision Drive, Palm Beach Gardens, Florida 33418 this 28th day of

February, 2007.

LAW OFFICE OF RICHARD W. GLENN
4 Harvard Circle, Suite 600
West Palm Beach, Florida 33409
(561) 687-7235
Fax:  (561) 687-7245

By _____
    Richard W. Glenn
    Fla. Bar 252395

## ANSWERS TO INTERROGAROTIES

1.   Robert Gibson, 1801 S Federal Highway, Suite 245 C, Delray Beach, FL 33483

2.   Same as above.

3.   Same as above.

4.   President and general manager

5.   She is director of international service of process.

6.   None.

7.   None.

8.   None.

9.   None.

10.   None.

11.   1-800-Serve-Em is a fictitious name used by Airport Process, Inc.

12.   1-800-Serve Em.com is a domain name owned by Airport Process, Inc.

13.   Don Gibson acquired the trade name 1-800-Serve-Em through a bankruptcy court approved purchase. Don Gibson formed Airport Process, Inc. and contributed the trade name and other assets as capital in exchange for 100 shares of stock in Airport Process, Inc.

14.   Airport Process never had a Manchester processing center.

15.   No. Membership in NAPPS is individual, not corporate.

16.   No.

17.   No.

18.   There was a partial satisfaction through issuance of a note by ServeEm.Com, Inc. With a secured interest in the assets of Serve Em.Com, Inc. The assets were ultimately acquired by a bankruptcy trustee, Michael Bakst and eventually purchased by Don Gibson through the bankruptcy court approved sale previously mentioned.

19.   Director of Domestic Service.

20.   Airport Process, Inc.

21.   It is a fictitious name registered with the State of Florida.

22.   1-800-Serve Em is a fictitious name for Airport Process Inc. and used for the process service functions of Airport Process.

Note:   I have not been associated with Airport Process, Inc. since November 4, 2006, and therefore some of the foregoing information was furnished to me by Robert Gibson.   All questions are answered as of 11-29-06.

STATE OF FLORIDA
COUNTY OF PALM BEACH

DON GIBSON, duly sworn, deposes and says that the foregoing Answers to Interrogatories are true and correct to the best of my knowledge, information and belief at the present time.

BY _____
     DON GIBSON

The foregoing instrument was acknowledged before me this 12th day of February, 2007 by DON GIBSON who is personally known to me and who did take an oath.

_____
Notary Public
Printed Name:

RICHARD WAYNE GLENN
MY COMMISSION # DD596987
EXPIRES: Sept. 24, 2010
(407) 398-0153   Florida Notary Service.com

IN THE COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT OF FLORIDA, IN AND FOR PALM BEACH COUNTY

WOODIE H. THOMAS III
     Plaintiff,
vs.               Case No. 502005 CC 012795XXXXNB
AIRPORT PROCESS, INC., etc.
     Defendants.
_____/

## MOTION TO REQUIRE SERVICE OF PLEADINGS AND OTHER DOCUMENTS

COME NOW the Defendants AIRPORT PROCESS, INC. and DON GIBSON, through undersigned counsel, and file this motion, stating grounds with particularity as follows:

1.    The undersigned counsel for the Defendants Airport and Don Gibson has appeared as counsel from the time of the Defendants' intitial response.    The undersigned is entitled to service of all pleadings, orders,  and to correspondence with the Court.

2.    The undersigned's name has been omitted from various pleadings, orders, and correspondence in this action.    On February 1, 2007 the undersigned sent counsel a letter nforming him of this fact and asking for copies of the documents.    Counsel declined to cooperate.

3.    From the docket sheet it appears that the following docket entries have not been received by the undersigned:  28,32,37,38,39,40,41,42, and 43.    A review of the file shows that some of these items reflect no service at all, others show service on other parties but not on the undersigned, and one, the Requests for Admissions reflects service on the undersigned.

4.    Omission of the undersigned from service of papers in the court file constitutes a denial of due process and should not occur in the future.

5.    The Defendants Don Gibson and Airport request this court to order that all papers filed by counsel in this action reflect service upon the undersigned and that all papers be actually



be sent to the undersigned.    The Defendants further request that counsel be required to furnish

the undersigned with copies of all of the documents mentioned above, which were not sent to the

undersigned.

I CERTIFY that a true and correct copy of the foregoing was served by mail to Woodie

H. Thomas III, 1603 Vision Drive, Palm Beach Gardens, Florida 33418 this 28th day of

February, 2007.

LAW OFFICE OF RICHARD W. GLENN
4 Harvard Circle, Suite 600
West Palm Beach, Florida 33409
(561) 687-7235
Fax:    (561) 687-7245

By_____
    Richard W. Glenn
    Fla. Bar 252395

L A W  OFFICES  OF

# RICHARD W. GLENN

ATTORNEY  AT  LAW

**FOUR HARVARD CIRCLE**
**SUITE 600**
**WEST PALM BEACH, FL 33409**

TELEPHONE NO.: (561) 687-7235 • FACSIMILE: (561) 687-7245

February 1, 2007

Woodie H. Thomas
1603 Vision Drive
Palm Beach Gardens, Florida 33418

Re:   Thomas v. Gibson

Dear Mr. Thomas:

I was contacted by Robert Gibson this afternoon, wondering why I did not appear at a hearing which was set today in front of Judge Perez.    Fortunately it turned out that my client was not involved, but in reviewing the docket sheet on the internet, it appears that I have been left off the service list, apparently.     I have never received the following docket entries:

28   Motion for Final Judgment
32   Memorandum (I can't tell from the site what this is)
37   Requests for Admissions
38   Correspondence
39   Affidavit of Costs
40   Affidavit
41   Final Judgment
42   Suggestion of Bankruptcy, and apparently a motion to set aside a judgment
43   Order setting hearing

I don't quite understand what is happening, as it appears there are items that may have come from you, at least two  from the court (the judgment and the order setting hearing), and apparently a motion from one of the other defendants regarding the judgment.  At any rate, I am requesting that I be sent copies of everything that happens in this file regardless of whether anyone thinks I have direct concern in the issue at hand.   If you will send me copies of any of these documents which you have, or at least the ones you generated,  would appreciate it as well.

My immediate concern obviously is the Final Judgment.   I don't see any notice of hearing on any motion which may have resulted in this judgment and don't see how a judgment could be entered without notice to me.   I have learned this afternoon that the judgment, thankfully, does not apply to Don Gibson or Airport, but I still question how it could be entered ex parte.

Another immediate concern is docket entry 37, Requests for Admissions.  If these apply to Airport Process or Gibson, please send me a copy and I will respond right away, as the time may have run. Please advise, as well whether you would have any objection to the late filing.

You objected to receiving faxes from me.    I welcome them from you, however, as at least the delivery is verifiable.

I have a request for production that is outstanding to you, and a set of interrogatories.    I am requesting a thirty day extension of time to respond to these, as I have not had the time to attend to them.  I also have your Motion to Strike.  My review of the docket, however, shows that you filed an amended complaint, and then I filed an answer to it.    Surely I am allowed to file an answer to your amended complaint.   Do we really need a hearing on this?   Frankly, if we can agree on this point, then I will waive my motion to dismiss.   To put another way, if you will waive your motion to strike, I will waive my motion to dismiss.   Let me know, and if you agree we can submit an agreed order denying both of our motions.

I also had set your deposition a while back and had to cancel it.  Please give me some dates you are available for the deposition.   I suggest March 6,7,8, 13,14,or 15th.  Please give me your preference and availability.   I am willing to take the deposition at your office if you request it.

Thanks for your continued cooperation in this matter.

Sincerely,

Richard W. Glenn

IN THE COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT OF FLORIDA, IN
AND FOR PALM BEACH COUNTY

WOODIE H. THOMAS III

     Plaintiff,

vs.                Case No. 502005 CC 012795XXXXNB

AIRPORT PROCESS, INC., etc.

     Defendants.

_____/

## AFFIDAVIT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

STATE OF FLORIDA

COUNTY OF PALM BEACH

     BEFORE ME the undersigned authority appeared DON GIBSON, who, being duly

sworn, states and deposes as follows:

     1.   I am the Defendant in the above styled action and I am familiar with the billings and

statements that were furnished by the Plaintiff in conjunction with this lawsuit.

     2.   I never requested Mr. Thomas, the Plaintiff, to furnish any legal services to me, and

he has never furnished any such services to me.

     3.   At the time of all of the billings that the Plaintiff has sued upon I was the President

and chief operating officer of Airport Process, Inc. and I never entered into any contracts with

Mr. Thomas for the provision of legal services by him for Airport Process, Inc.

     4.   I do not know Mr. Thomas.  I never hired him either for myself or Airport.

Neither I nor Airport ever agreed to be responsible for the debts of any of the other defendants.

     5.   Mr. Thomas apparently has some notion that I am responsible for the debts of other



entities or for my son's debts.    Neither I nor Airport ever agreed to assume such responsibilities. With regard to Serve- Em.Com, Inc., Corbadex Corporation, Corblet Corporation and Jurifund Corporation, I bought the assets of these corporations free and clear of all liens, claims, encumbrances or interests for $40,000.00.    Please see the attached order from the Bankruptcy Court, dated March 9, 2005 and Bill of Sale from the Bankruptcy Trustee.   I did not buy or otherwise assume the debts of these entities, nor did Airport Process, Inc. agree to assume any such debts or obligations.

6.   In paragraph of his complaint the Plaintiff says that Airport and I retained him on November 1, 2003.    This is absolutely false.   He says that we discharged him on or about May 1, 2004 also, which is false, since we never hired him.

7.    Neither I nor Airport had any lease issue with a landlord for which Mr. Thomas helped either of us.

8.    Neither I nor Airport had anything to do with any check deposited in Bike Taxi's account or any other account.    Neither I nor Airport owned, operated, or otherwise ran Bike Taxi nor agreed to pay for any services provided to Bike Taxi.

9.    Neither I nor Airport had any issues relating to intellectual property, software, use of intellectual property, equipment or other assets for which we retained Mr. Thomas, nor did we hire him for Bankruptcy representation, nor with regard to any libel or slander claim against NAPPS.

10.    The billings that are attached to the complaint are not addressed to either me or Airport Process Inc.

11.    Neither Airport Process Inc. nor I owe the Plaintiff any money.

The foregoing information and facts stated in this affidavit are based upon my personal knowledge and recollection.    Sworn to and executed this        day of February, 2007 by:

BY _DON GIBSON_

DON GIBSON

STATE OF FLORIDA
COUNTY OF PALM BEACH

The foregoing instrument was sworn to and acknowledged before me this        th day of February, 2007 by DON GIBSON who is personally known to me and who did take an oath.

Notary Public
Printed Name:

RICHARD WAYNE GLENN
MY COMMISSION # DD596987
EXPIRES: Sept. 24, 2010
(407) 398-0153    Florida Notary Service.com

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

In re:

**Case No.: 03-32460-BKC-SHF**
Chapter 7 proceeding

**SERVE-EM.COM, INC.,**
Debtor.

_____/

### ORDER GRANTING TRUSTEE'S EMERGENCY MOTION PURSUANT TO LOCAL RULE 9075 TO SELL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, PURSUANT TO 11 U.S.C. § 363(f), WITH ANY LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS TO ATTACH TO PROCEEDS OF SALE, TO APPROVE BIDDING PROCEDURES AND MOTION TO SUBSTANTIVELY CONSOLIDATE

**THIS MATTER**, having come before the Court on the 7th day of March, 2005, in West Palm Beach, Florida pursuant to Michael R. Bakst, as Chapter 7 Trustee's, Emergency Motion Pursuant to Local Rule 9075 to Sell Property Free and Clear of Liens, Claims, Encumbrances, and Interests, Pursuant to 11 U.S.C. § 363(F), with any Liens, Claims, Encumbrances, and Interests to Attach to Proceeds of Sale, to Approve Bidding Procedures and Motion to Substantively Consolidate, the Court having heard argument of counsel, and being otherwise fully advised in the premises, it is:

**ORDERED AND ADJUDGED** as follows:

1.   The Trustee's Emergency Motion Pursuant to Local Rule 9075 to Sell Property Free and Clear of Liens, Claims, Encumbrances, and Interests, Pursuant to 11 U.S.C. § 363(F), with any Liens, Claims, Encumbrances, and Interests to Attach to Proceeds of Sale, to Approve Bidding Procedures and Motion to Substantively Consolidate is hereby **GRANTED.**

2. The Court hereby consolidates all the Defendants, CORBLET CORPORATION, a Florida Corporation, CORBADEX CORPORATION, a Florida Corporation, 1-800-SERVE-EM, Inc., a Florida Corporation, and JURIFUND CORPORATION, a Florida Corporation, from the adversary proceeding, adversary proceeding number 04-3018-BKC-SHF-A, with the current bankruptcy proceeding, case number 04-32460-BKC-SHF.

3. The Court further approves the bidding procedures as set forth in the Trustee's emergency motion. The Court finds that the proposed sale comports with the guidelines set forth in 11 U.S.C. § 363(f).

4. The Court finds that this Court has jurisdiction over this matter pursuant to 11 U.S.C. §§ 105, 361, 363(b) and (c), 365(d), and the various other applicable provisions of the Bankruptcy Code and Bankruptcy Rules; venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

5. The Trustee has entered into a contract with Don Gibson ("Gibson Contract"), which provides for an all cash sale in the amount of $40,000.00, for the purchase of whatever right, title, and/or interest the estate holds in all of the Debtor's assets and post-petition trade receivables of the Debtor, which the Trustee has not already collected. The sale does not include the estate's right, title, and/or interest in the leases entered by the Defendants and/or the Debtor. Further, the sale of the assets does not include any core proceedings, including but not limited to actions pursuant to 11 U.S.C. §§ 547, 548, and 549, nor any causes of action of any of the Debtor entities.

6. This sale does not include any right, title, or interest of the estate and/or the

2

Debtor relating to the contempt order entered as to Infolink Communication Services, Inc., James Kurzweg, as President of InfoLink Communications Services, Inc., and Prieur Leary, nor to the right, title, and/or interest as to the award of damages for said contempt. The initial offer, pursuant to the terms of the Gibson Contract, was subject to higher and better offers. Further the sale is without any warranties or representations of any type as to any ownership interest in any of the assets being held by the estate.

7.    The Trustee timely served and filed his Emergency Motion Pursuant to Local Rule 9075 to Sell Property Free and Clear of Liens, Claims, Encumbrances, and Interests, Pursuant to 11 U.S.C. § 363(F), with any Liens, Claims, Encumbrances, and Interests to Attach to Proceeds of Sale, to Approve Bidding Procedures and Motion to Substantively Consolidate on all parties entitled to such service under the Federal and Local Rules of Bankruptcy Procedure.

8.    The Trustee is authorized and empowered to sell and transfer all of the assets of the Debtor, excluding the aforementioned assets, as is, where is, without any representations, or warranties of any nature, including no warranties or representations of any type as to any ownership interest in any of the assets being held by the estate, free and clear of all liens, claims, encumbrances, or interests to Don Gibson for $40,000.00, which has been determined to be the highest and best offer. The sale is to be closed on March 8, 2005, at which time Don Gibson shall pay the remaining $36,000.00. Further, the Trustee has reserved his right to surcharge secured creditors for his maximizing their return, pursuant to 11 U.S.C. § 506(c).

9.    In the event the buyer does not close on March 8, 2005, then the buyer shall forfeit the down payment in the amount of $4,000.00 as liquidated damages, and the Trustee

shall be authorized and empowered to sell and transfer all assets of the Debtor, as is, where is, without any representations or warranties of any nature, free and clear of all liens, claims, encumbrances, or interests to the back up bidder.

10.    The sale is supported by the sound business judgment of the Trustee, all interested parties have been provided with adequate and reasonable notice, the sale price is fair and reasonable, and the purchaser is acting in good faith. The Court finds that despite the fact that Don Gibson is a creditor of the estate, and is in fact related to the Debtor's principal, Robert Gibson, he is a "good faith purchaser" under 11 U.S.C. § 363(m) and is entitled to the benefits and protections conferred upon a good faith purchaser pursuant to § 363(m).

MICHAEL BAKST

Atty. T.    ORDERED in the Southern District of Florida on MARCH 9, 2005

directed to mail a conformed copy of this order to all interested parties and to file a certificate of service with the clerk of the Bankruptcy Court.

STEVEN H. FRIEDMAN
UNITED STATES BANKRUPTCY JUDGE

Copies to:
Michael R. Bakst, Trustee, 222 Lakeview Avenue, Suite 1330, West Palm Beach, FL 33041;
Glenn D. Moses, Esq., 100 Southeast Second Street, 36th Floor, Miami FL 33131;
Ronald T. Bevans, Esq., 1221 Brickell Avenue, Suite 2660, Miami, FL 33131;
Steven Clark, Esq., P.O. Box 1107, Londonderry, NH 03053;
Steve Carrigan, Esq., 910 5th Avenue, Seattle, WA 98104;
[Michael R. Bakst, Esq. shall furnish a copy of this Order to all parties listed below and shall file a certificate of service with the Court.]
Robert E. Papes, 1190 Dolphin Road, Riviera Beach, FL 33404;
Don Gibson, 2301 Bay Drive, Pompano Beach, FL 33062;
Robert Gibson, Registered Agent and Director of Corblet Corporation, P.O. Box 15085, West Palm Beach, FL 33416;
Robert Gibson, Registered Agent and Director of Corbadex Corporation, P.O. Box 15085, West Palm Beach, FL 33416;
Robert Gibson, Registered Agent and Director of 1-800-SERVE-EM, Inc., P.O. Box 15085, West Palm Beach, FL 33416;
Robert Gibson, Registered Agent and Director of Jurifund Corporation, P.O. Box 15085, West Palm Beach, FL 33416;
Alan R. Barbee, 900 Osceola Drive, Suite 100, West Palm Beach FL 33409;
U.S. Trustee, 51 S.W. First Ave., Rm 1204, Miami FL 33130

BAE/mc

This Instrument Prepared by:
Brett A. Elam, Esq.
222 Lakeview Avenue, Suite 1330
West Palm Beach, Florida 33401

## BILL OF SALE

KNOW ALL MEN BY THESE PRESENTS that **MICHAEL R. BAKST,**

**TRUSTEE IN BANKRUPTCY FOR SERVE-EM.COM, INC.,** party of the first part, for

and in consideration of the sum of **$40,000.00** lawful money of the United States, to him paid

by **Don Gibson,** party of the second part, the receipt whereof is hereby acknowledged, have

granted, bargained, sold, transferred and delivered, and by these presents does grant, bargain,

sell, transfer and deliver unto the said party of the second part, its heirs, executors,

administrators and assigns, the following goods and chattels:

> The assets of Serve-em.com, Inc., CORBLET CORPORATION,
> a Florida Corporation, CORBADEX CORPORATION, a
> Florida Corporation, 1-800-SERVE-EM, Inc., a Florida
> Corporation, and JURIFUND CORPORATION, a Florida
> Corporation, which includes all software used by and employed
> by Serve-em.com, Inc., CORBLET CORPORATION,
> CORBADEX CORPORATION, 1-800-SERVE-EM, Inc., and
> JURIFUND CORPORATION, including all process server
> application software, world model database, Corbadex, all
> source code, and all other software which has been used in
> Serve-em.com., Inc., CORBLET CORPORATION,
> CORBADEX CORPORATION, 1-800-SERVE-EM, Inc., and
> JURIFUND CORPORATION, the website of Serve-em.com,
> Inc., CORBLET CORPORATION, CORBADEX
> CORPORATION, 1-800-SERVE-EM, Inc., and JURIFUND

1

CORPORATION; the web address of Serve-em.com, Inc., www.serve-em.com; the web address of CORBLET CORPORATION, CORBADEX CORPORATION, 1-800-SERVE-EM, Inc., and JURIFUND CORPORATION; the telephone numbers of Serve-em.com, Inc., CORBLET CORPORATION, CORBADEX CORPORATION, 1-800-SERVE-EM, Inc., and JURIFUND CORPORATION, including 1-800 SERVE EM; all customers of Serve-em.com., Inc., CORBLET CORPORATION, CORBADEX CORPORATION, 1-800-SERVE-EM, Inc., and JURIFUND CORPORATION; the name Serve-Em.Com, without any warranties, representations, or guaranties of any kind. Further, the sale of the assets does not include any accounts receivable, of which the Trustee has already collected, core proceedings, including but not limited to actions pursuant to 11 U.S.C. §§ 547, 548, and 549, nor any causes of action of any of the Debtor entities. This sale does not include any right, title, or interest of the estate and/or the Debtor relating to the contempt order entered as to Infolink Communication Services, Inc., James Kurzweg, as President of InfoLink Communications Services, Inc., and Prieur Leary, nor to the right, title, and/or interest as to the award of damages for said contempt, nor any interest in the Fidelity Federal or Regent Bank bank accounts, nor within the bank accounts of the estate.

**TO HAVE AND TO HOLD** the same unto the said party of the second part, their heirs, executors, administrators and assigns forever. This transfer is made in accordance with the United States Bankruptcy Court for the Southern District of Florida's March 9, 2005 Order Granting Trustee's, Emergency Motion Pursuant to Local Rule 9075 to Sell Property Free and Clear of Liens, Claims, Encumbrances, and Interests, Pursuant to 11 U.S.C. § 363(F), with any Liens, Claims, Encumbrances, and Interests to Attach to Proceeds of Sale, to Approve Bidding Procedures and Motion to Substantively Consolidate. If a conflict arises as to the any of the terms of this bill of sale, the terms of said order shall be controlling.

2

**AND** we do, for ourselves and our heirs, executors and administrators, covenant to and with the said party of the second part, its heirs executors, administrators and assigns, that we are the lawful owners of the said goods and chattels; that they are free from all encumbrances; that we have good right to sell the same aforesaid.

**IN WITNESS WHEREOF**, we have hereunto set our hands and seal this 9th day of March 2005.

Signed, sealed and delivered
in the presence of:

_____
MICHAEL R. BAKST, TRUSTEE

Printed Name: _Rilyn Carnahan_

_Rilyn Carnahan_

Printed Name: _Brett Elam_

STATE OF FLORIDA
COUNTY OF PALM BEACH

I HEREBY CERTIFY that on this day personally appeared before me, **MICHAEL R. BAKST, TRUSTEE IN BANKRUPTCY FOR SERVE-EM.COM, INC.**, to me well known to be the person described herein_____ ✓ , or, who produced _____ as identification, and who executed the foregoing Bill of Sale, and acknowledged before me that he executed the same freely and voluntarily for the purpose therein expressed.

WITNESS my hand and official seal in the County and State last aforesaid this day of ___ March 2005.

_____
NOTARY PUBLIC
My Commission Expires:

3

RANELLE LUCAS JOHNSON
MY COMMISSION # DD 028735
EXPIRES: May 18, 2005
Bonded Thru Budget Notary Services

I CERTIFY that a true and correct copy of the foregoing was served by mail to Woodie

H. Thomas III, 1603 Vision Drive, Palm Beach Gardens, Florida 33418 this 28th day of

February, 2007.

LAW OFFICE OF RICHARD W. GLENN
4 Harvard Circle, Suite 600
West Palm Beach, Florida 33409
(561) 687-7235
Fax:   (561) 687-7245

By_____
    Richard W. Glenn
    Fla. Bar 252395

IN THE COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT OF FLORIDA, IN
AND FOR PALM BEACH COUNTY

WOODIE H. THOMAS III

      Plaintiff,

vs.                    Case No. 502005 CC 012795XXXXNB

AIRPORT PROCESS, INC., etc.

      Defendants.

_____/

## MOTION FOR SUMMARY JUDGMENT

      COMES NOW the Defendants DON GIBSON and AIRPORT PROCESS and file this

motion for summary judgment and state with particularity as follows:

      1.     This is an action by the Plaintiff, a lawyer, to collect fees owed to him.

      2.     As to the liability of the Defendants Don Gibson and Airport Process, Inc. there are

no genuine issues of material fact and these Defendants are entitled to judgment as a matter of

law.

      3.     There is no written contract between the Plaintiff and the movants.

      4.     There is no oral contract, either, as there has never been an agreement between the

Plaintiff and either Don Gibson or Airport for the payment of attorneys fees to the Plaintiff.

      5.     During the time period reflected on the Plaintiff's invoices, Don Gibson was the

President and chief executive officer of Airport Process and no person had authority to make

contracts for Airport Process or Don Gibson.

      6.     None of the services reflected in the Plaintiff's billings appear to be services

provided to Airport Process or Don Gibson.



7.    Don Gibson nor Airport ever executed any written guarantee, nor has any such guarantee been plead.

8.    There is no privity of contract between the Plaintiff and the movants.

9.    In that there is no contractual relationship between the Plaintiff and the movants, the Plaintiff has not cause of action against the movants and the movants are entitled to judgment as a matter of law.

I CERTIFY that a true and correct copy of the foregoing was served by mail to Woodie H. Thomas III, 1603 Vision Drive, Palm Beach Gardens, Florida 33418 this 28th day of February, 2007.

LAW OFFICE OF RICHARD W. GLENN
4 Harvard Circle, Suite 600
West Palm Beach, Florida 33409
(561) 687-7235
Fax:  (561) 687-7245

By _____
     Richard W. Glenn
     Fla. Bar 252395

IN THE COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT OF FLORIDA, IN
AND FOR PALM BEACH COUNTY

WOODIE H. THOMAS III

      Plaintiff,

vs.                  Case No. 502005 CC 012795XXXXNB

AIRPORT PROCESS, INC., etc.

      Defendants.

_____/



## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS

    COMES NOW the Defendant DON GIBSON and AIRPORT PROCESS and answer the

request for production as follows: ( the responses correspond to the numbers of the requests, as

paragraphs 4 and 5 of the request are missing:

    1.    We are not sure what you mean by "division", but the attached fictitious name

registration confirmation from the secretary of the state, indicates that 1-800-Serve-Em is a

fictitious name of Airport Process.

    2.    There was no composite 3 attached, and therefore there are no documents responsive

to the request.

    3.    See the fictitious name registration confirmation attached.

    6.    None.

    7.    None, as the statements are not addressed to Don Gibson or Airport Process.

    8.    Neither Don Gibson nor Airport Process paid any billings from the Plaintiff and

therefore there are no such documents.

    I CERTIFY that a true and correct copy of the foregoing was served by mail to Woodie

H. Thomas III, 1603 Vision Drive, Palm Beach Gardens, Florida 33418 this 28th day of

February, 2007.

                LAW OFFICE OF RICHARD W. GLENN
                4 Harvard Circle, Suite 600
                West Palm Beach, Florida 33409
                (561) 687-7235
                Fax:   (561) 687-7245

                By_____
                   Richard W. Glenn
                   Fla. Bar 252395



**1-800-SERVE-EM**
1801 S FEDERAL HIGHWAY
245C
DELRAY BEACH, FL 33483

| | | |
|---|---|---|
| **Document Number** G05068900239 | **Status** ACTIVE | **Date Filed** 03/09/2005 |
| **Expiration Date** 12/31/2010 | **Current Owners** 000000001 | **County** MULTIPLE |
| **Total Pages** 000000002 | **Events Filed** 000000001 | **FEI Number** 06-1742159 |

## View Filing History

| Previous on List | Return to Name List | Next on List |
|---|---|---|

## Owner Information

| Name & Address | FEI Number | Charter Number |
|---|---|---|
| AIRPORT PROCESS, INC. 1711 LATHAM ROAD WEST PALM BEACH, FL 33409 | 06-1742159 | P05000035312 |

## Document Images
Listed below are the images available for this filing.

| |
|---|
| G05068900239 -- 03/09/2005 -- Fictitious Name Filing |
| G06048700093 -- 02/17/2006 -- EVENT FILING |

**THIS IS NOT OFFICIAL RECORD; SEE DOCUMENTS IF QUESTION OR CONFLICT**

Fictitious Name Inquiry                    Fictitious Name Help

IN THE COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT OF FLORIDA, IN AND FOR PALM BEACH COUNTY

WOODIE H. THOMAS III
     Plaintiff,

vs.              Case No. 502005 CC 012795XXXXNB

AIRPORT PROCESS, INC., etc.
     Defendants.

_____/

## MOTION TO FILE LATE RESPONSE TO REQUESTS FOR ADMISSION

COME NOW the Defendants AIRPORT PROCESS, INC. and DON GIBSON, through

undersigned counsel, and file this motion, stating grounds with particularity as follows:

1.    The Plaintiff filed Requests for Admissions on November 29, 2007.

2.    The Defendants did not receive such requests.

3.    On February 1, 2007 the undersigned was reviewing the docket sheet on the Clerk of

Court's web site and discovered a number of items reflected on the docket sheet which the

undersigned had never received, among these items being a set of requests for admissions.

4.    Realizing that there was some error, the undersigned wrote counsel a letter on

February 1, 2007 requesting a copy of the various items, including the Requests for Admissions.

A copy of the letter is attached.

5.    The Plaintiff wrote back and advised that he would not send anything and that I

should review the court file if I wanted to see any of the pleadings.

6.    The undersigned reviewed the North County court file on February 28, 2007 and

found a set of requests for admissions, to which the undersigned has responded to on this date.

7.    Any delay in responding to the requests is, if it is the fault of anyone, not the fault of

the Defendants, but that of counsel, as the Defendants Don Gibson and Airport were never

advised of the pendency of any requests for admissions nor the need to answer the same.



8.    Amendments to requests for admissions and leave to file late responses to admissions should be freely allowed by the Court in the interest of justice, in that the purpose of requests for admissions is to dispose of technical matters which are not contested, and answers to requests for admissions should not be substitute to trial on the merits.    Unless there is prejudice to the opposing party, request to late file, or amend answers to requests for admissions should be freely given by the court.

9.    In the instant case the undersigned would have answered the requests if he had them, bu he did not.    There is, in this case, no prejudice to the opposing party, in that this case has not been set for trial, and there are no dispositive motions pending.

10.    The Defendants request this court to permit the late filing of the answers to admissions, which were served on February 28, 2007.

I CERTIFY that a true and correct copy of the foregoing was served by mail to Woodie H. Thomas III, 1603 Vision Drive, Palm Beach Gardens, Florida 33418 this 28th day of February, 2007.

LAW OFFICE OF RICHARD W. GLENN
4 Harvard Circle, Suite 600
West Palm Beach, Florida 33409
(561) 687-7235
Fax:  (561) 687-7245

By
    Richard W. Glenn
    Fla. Bar 252395

LAW OFFICES OF

# RICHARD W. GLENN

ATTORNEY AT LAW

**FOUR HARVARD CIRCLE**
**SUITE 600**
**WEST PALM BEACH, FL 33409**

TELEPHONE NO.: (561) 687-7235 • FACSIMILE: (561) 687-7245

February 1, 2007

Woodie H. Thomas
1603 Vision Drive
Palm Beach Gardens, Florida 33418

Re:   Thomas v. Gibson

Dear Mr. Thomas:

I was contacted by Robert Gibson this afternoon, wondering why I did not appear at a hearing which was set today in front of Judge Perez.   Fortunately it turned out that my client was not involved, but in reviewing the docket sheet on the internet, it appears that I have been left off the service list, apparently.    I have never received the following docket entries:

        28   Motion for Final Judgment
        32   Memorandum (I can't tell from the site what this is)
        37   Requests for Admissions
        38   Correspondence
        39   Affidavit of Costs
        40   Affidavit
        41   Final Judgment
        42   Suggestion of Bankruptcy, and apparently a motion to set aside a judgment
        43   Order setting hearing

I don't quite understand what is happening, as it appears there are items that may have come from you, at least two  from the court (the judgment and the order setting hearing), and apparently a motion from one of the other defendants regarding the judgment.   At any rate, I am requesting that I be sent copies of everything that happens in this file regardless of whether anyone thinks I have direct concern in the issue at hand.   If you will send me copies of any of these documents which you have, or at least the ones you generated,  would appreciate it as well.

My immediate concern obviously is the Final Judgment.   I don't see any notice of hearing on any motion which may have resulted in this judgment and don't see how a judgment could be entered without notice to me.   I have learned this afternoon that the judgment, thankfully, does not apply to Don Gibson or Airport, but I still question how it could be entered ex parte.

Another immediate concern is docket entry 37, Requests for Admissions.   If these apply to Airport Process or Gibson, please send me a copy and I will respond right away, as the time may have run. Please advise, as well whether you would have any objection to the late filing.

You objected to receiving faxes from me.    I welcome them from you, however, as at least the delivery is verifiable.

I have a request for production that is outstanding to you, and a set of interrogatories.   I am requesting a thirty day extension of time to respond to these, as I have not had the time to attend to them.   I also have your Motion to Strike.   My review of the docket, however, shows that you filed an amended complaint, and then I filed an answer to it.    Surely I am allowed to file an answer to your amended complaint.    Do we really need a hearing on this?    Frankly, if we can agree on this point, then I will waive my motion to dismiss.    To put another way, if you will waive your motion to strike, I will waive my motion to dismiss.    Let me know, and if you agree we can submit an agreed order denying both of our motions.

I also had set your deposition a while back and had to cancel it.    Please give me some dates you are available for the deposition.    I suggest March 6,7,8, 13,14,or 15th.    Please give me your preference and availability.    I am willing to take the deposition at your office if you request it.

Thanks for your continued cooperation in this matter.

Sincerely,

Richard W. Glenn

IN THE COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT OF FLORIDA, IN AND FOR PALM BEACH COUNTY

WOODIE H. THOMAS III
    Plaintiff,

vs.                 Case No. 502005 CC 012795XXXXNB

AIRPORT PROCESS, INC., etc.
    Defendants.

_____/

## ANSWERS TO REQUEST FOR ADMISSIONS

AIRPORT PROCESS, INC. and DON GIBSON, through undersigned counsel, answer

the request for admissions file by the Plaintiff in this action as follows:

1. Denied, as there were no exhibits attached to the requests for admission.

2. Deny, as there were no exhibits attached to the requests for admission.

3. Admit. Don Gibson, nor Airport filed no proceedings in Bankruptcy.

4. Admit.

5. Deny.

6. Deny.

7. Denied. Fictitious name registration.

8. Denied.

9. Deny.

10. Deny.

11. Deny. The statements themselves show that Don Gibson and Airport owe nothing.

12. Admit.

13. Admit.

I CERTIFY that a true and correct copy of the foregoing was served by mail to Woodie

H. Thomas III, 1603 Vision Drive, Palm Beach Gardens, Florida 33418 this 28th day of



February, 2007.

<div style="margin-left:40%;">

LAW OFFICE OF RICHARD W. GLENN
4 Harvard Circle, Suite 600
West Palm Beach, Florida 33409
(561) 687-7235
Fax:   (561) 687-7245

By _____
    Richard W. Glenn
    Fla. Bar 252395

</div>

| **1-800-SERVE-EM** a Corbindex Company **FAX COVERSHEET** | **Date:** | Wed, 14 Feb 2007 11:47:30 -0800 (PST) |
|---|---|---|
| **From:** Robert Gibson | **To:** | "Linda Brown, Judicial Assistant to Judge, Nancy Perez" |
| **Fax:** Domestic:    888.737.8336 International: 877.737.7336 | **Pages:** | 1 |
| **Voice:** 800.737.8336 | **Fax:** | 15616246598 |
| **Re:** Case No. 502005 CC 012795XXXXNB | | |

Dear Linda,

Pursuant to our conversation, please find a copy of the pleading that was served along with attachments on Plaintiff, Woodie H. Thomas, P.A. by mail Monday, February 12, 2007. I filed the original and attachments yesterday at the South County Branch yesterday.

The purpose of faxing this today was to assure Judge Perez that I had served the documents within the time period she required. In order not to tie up your fax I have refrained from faxing some 20 pages of attachments. If the Judge wishes I will be happy to fax the attachments also. Please advise.

Thank you for your assistance in this matter.

Robert Gibson, Defendant
551 SE 8th Street, Suite 206
Delray Beach, FL  33483-5183
DID 561.404.5701

*Accountable Inter-Jurisdictional Process Service*



IN THE COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

WOODIE H. THOMAS, III, P.A.

Plaintiff,

v.

ROBERT A. GIBSON, Individually,

SERVE-EM, INCORPORATED, et al.

Defendants,

CASE NO. 502005 CC 012795XXXXNB

CIVIL DIVISION

Notice of Filing
Chronology in Support of Motion to
Set Aside Final Judgment and for
Sanctions

Comes now Defendant Robert A. Gibson and pursuant to instructions from the Judge
Nancy Perez, provides this Chronology with supporting documentation:

1. The instant case was initially filed on September 29, 2005.

2. As shown in the attachments, 15 days later Defendant, Robert Gibson filed
   (without knowledge of the September 29, 2005 lawsuit) for Chapter 7 Bankruptcy
   on October 14, 2005.

3. Defendant, Robert Gibson was served with a Summons and Complaint on
   January 31, 2006.

4. Debtor, Robert Gibson was discharged the very next day February 01, 2006

5. Richard Glenn, attorney for Defendants Airport Process, Inc. and Don Gibson,
   has confirmed to me contemporaneously and again recently that in the course of
   conversation with Plaintiff, Woodie H. Thomas, the status of Defendant, Robert
   Gibson's bankruptcy was discussed and was mentioned as a reason why
   Richard Glenn would not be representing Robert Gibson.



Wherefore, Defendant request this court set aside Final Judgment and severely sanction Plaintiff as is right and proper.

Defendant,

Robert A. Gibson

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing along with attachments has been furnished to Mr. Woodie H. Thomas, 1603 Vision Drive, Palm Beach Gardens, FL 33418 by first class U.S. mail on this February 12, 2007.

Respectfully submitted:

Robert A. Gibson
551 SE 8th Street, Suite 206
Delray Beach, FL  33483-5183
DID 561.404.5701

FORM B9A (Chapter 7 Individual or Joint Debtor No Asset Case) (10/17/05)                    Case Number **05–36640–SHF**

## UNITED STATES BANKRUPTCY COURT
### Southern District of Florida
### www.flsb.uscourts.gov

## Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines

A chapter 7 bankruptcy case concerning the debtor(s) listed below was filed on 10/12/05.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below.
**NOTE: THE STAFF OF THE BANKRUPTCY CLERK'S OFFICE CANNOT GIVE LEGAL ADVICE.**

**See Reverse Side For Important Explanations and SDFL Local Court Requirements.**

Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Robert A. Gibson
1711 Latham Rd
West Palm Beach, FL 33409

| Case Number: 05–36640–SHF – Division:   West Palm Beach | Social Security/Taxpayer ID/Employer ID/Other Nos.: xxx–xx–8057 |
|---|---|
| **Attorney for Debtor(s) (or Pro Se Debtor) name and address:** Steven R Duhl Esq 5737 Okeechobee Blvd #201 West Palm Beach, FL 33417 **Telephone number:**  (561) 471–5708 | **Bankruptcy Trustee (name and address):** Patricia A Dzikowski 4300 N University Dr Suite A–205 Lauderhill, FL 33351 **Telephone number:**  954–748–4377 |

## MEETING OF CREDITORS

Date: **November 29, 2005**                     Time:   **03:00 PM**
Location:   **Via Jardin Bldg, 330 Clematis St Room 101, West Palm Beach, FL 33401**

**Note: Debtors must bring original government–issued photo identification and proof of the social security number to this meeting. WARNING TO DEBTOR: Without further notice or hearing the court may dismiss your case for failure to timely pay filing fee installments, failure to appear at the meeting of creditors or failure to timely file required schedules, statements or lists, and, for cases filed on or after October 17, 2005, for failure to file pre–bankruptcy certification of credit counseling or file wage documentation.**

### Presumption of Abuse under 11 U.S.C. § 707(b)
*See "Presumption of Abuse" on reverse side.*

The presumption of abuse does not arise.

### Deadlines:
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:

**Deadline to File a Complaint Objecting to Discharge of the Debtor or to Determine Dischargeability of Certain Debts:** 1/30/06
**Deadline to Object to Trustee's Report of Abandonment:** See explanation on reverse.
**Deadline to Object to Exemptions:**
Thirty days after the conclusion of the meeting of creditors or within thirty days of any amendment to the list or supplemental schedules.

### Creditors May Not Take Certain Actions:
In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

### Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So.

### Foreign Creditors
A creditor to whom this notice is sent at a foreign address should read the information under "Do Not File a Proof of Claim at This Time" on the reverse side.

| Address of the bankruptcy clerk's office where assigned judge is chambered: Forum Building Complex 1675 Palm Beach Lakes Boulevard 8th Floor West Palm Beach FL 33401 Telephone: 561–514–4100 | *CLERK USBC SDFL FILED 10/19/05* |
|---|---|
| **Hours Open:**  Monday – Friday 9:00 AM – 4:30 PM Closed all Legal Holidays | Clerk of the Bankruptcy Court:  Karen Eddy For:  Judge  Steven H. Friedman Date:   10/19/05 |

# EXPLANATIONS

FORM B9A (10/17/05)

| | |
|---|---|
| Filing of Chapter 7 Bankruptcy Case | A bankruptcy case under Chapter 7 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the debtor(s) listed on the front side (or the existing case under another chapter has been converted to chapter 7). |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code §362. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Presumption of Abuse | If the presumption of abuse arises, creditors may have the right to file a motion to dismiss the case under § 707(b) of the Bankruptcy Code. The debtor may rebut the presumption by showing special circumstances. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present with required original government–issued photo identification and proof of the social security number at the meeting to be questioned under oath by the trustee and by creditors.* **Creditors are welcome to attend, but are not required to do so.** The meeting may be continued and concluded at a later date without further notice. |
| Do Not File a Proof of Claim at This Time | There does not appear to be any property available to the trustee to pay creditors. *You therefore should not file a proof of claim at this time.* If it later appears that assets are available to pay creditors, you will be sent another notice telling you that you may file a proof of claim, and telling you the deadline for filing your proof of claim. If this case is converted from chapter 13, pursuant to Local Rules 1019–1(E) and 3002–1(A), it has been designated as a no asset case at this time. If this notice is mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to receive a discharge under Bankruptcy Code §727(a) *or* that a debt owed to you is not dischargeable under Bankruptcy Code §523(a)(2), (4), or (6), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint Objecting to Discharge of the Debtor or to Determine Dischargeability of Certain Debts" listed on the front side. The bankruptcy clerk's office must receive the complaint and the required filing fee by that Deadline. Writing a letter to the court or judge is not sufficient. An adversary complaint must be filed in accordance with the applicable rules. For cases filed on or after October 17, 2005, the discharge will not be issued until the financial management course certification is filed by the debtor. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors. The debtor must file a list of all property claimed as exempt. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objections by the "Deadline to Object to Exemptions" listed on the front side. |
| Bankruptcy Clerk's Office | Documents filed conventionally, in paper, should be filed at the bankruptcy clerk's office where the judge assigned to the case is chambered. Documents filed prior to October 17, 2005, may be viewed at the clerk's office where the judge assigned to the case is chambered. Documents filed on or after October 17, 2005, may be viewed in electronic format at any clerk's office public terminal or via PACER ON THE INTERNET (charges apply). Case filing information and unexpired deadline dates can be obtained by calling the Voice Case Information System: (305)536–5979 or (800)473–0226. |
| Foreign Creditors | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |
| Abandonment of Property by Trustee | Pursuant to Local Rule 6007–1(A), the trustee will abandon at the meeting of creditors all property that the trustee has determined is of no value to the estate and file a report within 2 days. Objections to the report must be filed within 15 days of the meeting. |
| Electronic Bankruptcy Noticing | Parties can now choose to receive all notices (including attachments) served by the clerk's office electronically instead of via US mail. For information on or to register for this free service, contact the Bankruptcy Noticing Center at www.ebnuscourts.com |
| Translating Services | Except for persons with communications disabilities, translating services are not provided. Persons with communications disabilities should contact the U.S. trustee's office to arrange for translating services at the meeting of creditors. |

## — Refer to Other Side for Important Deadlines and Notices —

**BAE SYSTEMS**

Enterprise Systems Incorporated
11487 Sunset Hills Road
Reston, Virginia 20190-5234

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| District/off: 113C-9 | User: adaml | Page 1 of 1 | Date Rcvd: Oct 19, 2005 |
| Case: 05-36640 | Form ID: B9A | Total Served: 23 | |

The following entities were served by first class mail on Oct 22, 2005.

| | | |
|---|---|---|
| db | +Robert A. Gibson, | 1711 Latham Rd, West Palm Beach, FL 33409-5134 |
| aty | +Steven R Duhl, Esq. | 5737 Okeechobee Blvd #201, West Palm Beach, FL 33417-4364 |
| tr | +Patricia A Dzikowski, | 4300 N University Dr Suite A-205, Lauderhill, FL 33351-6244 |
| smg | +Highlands County Tax Collector, | 540 S Commerce Ave, Sebring, FL 33870-3867 |
| smg | +IRS, P.O. Box 4900, | 1200 W Houston Suite 530, San Antonio, TX 78207-3514 |
| ust | +Office of the US Trustee, | 51 S.W. 1st Ave., Ste. 1204, Miami, FL 33130-1614 |
| 85284885 | +Bob Polzin's Pool Service, | 431 Ficus Tree Drive, Lantana, FL 33462-5101 |
| 85284886 | +Capital One, P O Box 60024, | City of Industry, CA 91716-0024 |
| 85284887 | +Dana Hill, c/o Patrick V. Fogarty, Esquire, | P O Box 7281, West Palm Beach, FL 33405-7281 |
| 85284888 | +David and Mildred Gruner, | c/o John M. Jorgensen, Esquire, Scott, Royce, et al., |
| | 4400 PGA Boulevard, #800, | Palm Beach Gardens, FL 33410-6561 |
| 85284889 | +Donald and Arlene Gibson, | c/o Robert B. Roemer, Esquire, 11380 Prosperity Farms Rd, #204, |
| | Palm Beach Gardens, FL 33410-3477 | |
| 85284890 | +Floyd O. Wilder, 1081 Summit Place Circle, #A, | West Palm Beach, FL 33415-4801 |
| 85284891 | +Household Bank, P O Box 4155, | Carol Stream, IL 60197-4155 |
| 85284892 | +James Fanning, 1619 SE 4th Street, | Fort Lauderdale, FL 33301-2347 |
| 85284893 | +Mark James Hollenbeck, 3399 PGA Boulevard, #450, | Palm Beach Gardens, FL 33410-2831 |
| 85284894 | +Mercedes Travis, c/o Jeffrey M. Garber, Esquire, | Boose, Casey, et al., |
| | 515 N. Flagler Drive, 19th Floor, West Palm Beach, FL 33401-4321 | |
| 85284895 | +Mondial Translations & Interpreting, | c/o Thomas J. Maccari, PA, 7790 Congress Avenue, #1133, |
| | Boca Raton, FL 33487-1355 | |
| 85284896 | +Palm Club Homeowner Association Inc, | c/o Custom Property Mgmt., 2328 S. Congress Avenue, |
| | West Palm Beach, FL 33406-7618 | |
| 85284897 | +Patricia Barron, 290 S. County Road, Apt. #2, | Palm Beach, FL 33480-4200 |
| 85284900 | +Thomas Campaniello, c/o David L. Gorman, Esquire, | 618 U.S. Highway One, #303, |
| | North Palm Beach, FL 33408-4609 | |
| 85284901 | +Wachovia Bank, NA, c/o Jon L. Swergold, Esquire, | Ruden, McClosky, et al., |
| | 222 Lakeview Avenue, #800, West Palm Beach, FL 33401-6148 | |

The following entities were served by electronic transmission on Oct 21, 2005 and receipt of the transmission was confirmed on:

| | | |
|---|---|---|
| smg | EDI: FLDEPREV.COM Oct 21 2005 07:35:00 | Florida Department of Revenue, POB 6668, |
| | Bankruptcy Division, Ft Lauderdale, FL 32314-6668 | |
| 85284891 | +EDI: HFC.COM Oct 21 2005 07:36:00 | Household Bank, P O Box 4155, |
| | Carol Stream, IL 60197-4155 | |
| 85284898 | +EDI: PROVID.COM Oct 21 2005 07:36:00 | Providian, P O Box 660548, Dallas, TX 75266-0548 |
| | | TOTAL: 3 |

**\*\*\*\*\* BYPASSED RECIPIENTS (undeliverable, \* duplicate) \*\*\*\*\***

85284899    Sandra Lynn Dennis, c/o Oscar A. Sanchez, Esquire

TOTALS: 1, \* 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Oct 22, 2005                    Signature:    *Joseph Speetjens*

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

## Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:]* [There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

## Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

## Debts that are Not Discharged.

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes; **applies to cases filed on or after October 17, 2005;**

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts.

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans; **applies to cases filed on or after October 17, 2005.**

This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.

*# # #*

Form CGFD39  (10/17/05)



ORDERED in the Southern District of Florida on February 1, 2006

*Steven H. Friedman*

Steven H. Friedman
United States Bankruptcy Judge

# United States Bankruptcy Court
## Southern District of Florida
### www.flsb.uscourts.gov
### Division:  West Palm Beach

Case Number: 05–36640–SHF

Chapter: 7

**In re:** *(Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address)*

Robert A. Gibson
1711 Latham Rd
West Palm Beach, FL 33409

Last four digits of Social Security No(s).: xxx–xx–8057

```
CLERK
USBC
SDFL
FILED
2/1/06
```

## DISCHARGE OF DEBTOR(S)

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED :**

The debtor is granted a discharge under § 727 of title 11, United States Code, (the Bankruptcy Code).

### SEE THE BACK OF THIS ORDER FOR "EXPLANATION OF BANKRUPTCY DISCHARGE".

Copies to:  All Parties of record

*Page 1 of 2*

Case 08-01209-PGH    Doc 3-2    Filed 03/25/08    Page 41 of 50

**CLOSED**

# U.S. Bankruptcy Court
## Southern District of Florida (West Palm Beach)
### Bankruptcy Petition #: 05-36640-SHF

*Assigned to:* Judge Steven H. Friedman
Chapter 7
Voluntary
No asset

*Date Filed:* 10/12/2005
*Date Terminated:* 10/23/2006
*Date Discharged:* 02/01/2006

**Debtor**
**Robert A. Gibson**
1711 Latham Rd
West Palm Beach, FL 33409
SSN: xxx-xx-8057

represented by **Steven R Duhl, Esq**
5737 Okeechobee Blvd #201
West Palm Beach, FL 33417
(561) 471-5708

**Trustee**
**Patricia A Dzikowski**
1601 Sawgrass Corp Pkwy #120
Ft Lauderdale, FL 33323
(954) 835-0770

**U.S. Trustee**
**Office of the US Trustee**
51 S.W. 1st Ave.
Ste. 1204
Miami, FL 33130
(305) 536-7285

| Filing Date | # | Docket Text |
|---|---|---|
| 10/12/2005 | 1 | Voluntary Petition Filed Under Chapter 7 . Complete Schedules Filed? Yes. (Receipt # 40013915 Amount: $ 209.00) . (Duncan B) (Entered: 10/14/2005) |
| 10/12/2005 | 2 | Disclosure of Compensation By Attorney For Debtor. (Duncan B) (Entered: 10/14/2005) |
| 10/19/2005 | 3 | Meeting of Creditors to be Held on 11/29/2005 at 03:00 PM at 330 Clematis St Room 101, West Palm Beach. Last Day to Oppose Discharge or Dischargeability is 1/30/2006. (Adam, Lorraine) (Entered: 10/19/2005) |

| 10/22/2005 | ○4 | BNC Certificate of Mailing Served on (Re: 3 Meeting of Creditors Chapter 7 No Asset) Service Date 10/22/2005. (Admin.) (Entered: 10/23/2005) |
| 11/30/2005 | ○5 | Meeting of Creditors Held and Concluded (Dzikowski, Patricia) (Entered: 11/30/2005) |
| 01/27/2006 | ○6 | Complaint by Wachovia Bank NA against Robert A. Gibson . Filing Fee Paid. Nature of Suit: 426 (Dischargeability 523) (Attachments: # 1 Complaint Cover Sheet) (Corral, Hilda) (Entered: 01/30/2006) |
| 02/01/2006 | ○7 | Order Discharging Debtor (Re: 3 Meeting of Creditors Chapter 7 No Asset). (Temple, Laird) (Entered: 02/01/2006) |
| 02/03/2006 | ○8 | BNC Certificate of Mailing - Order of Discharge (Re: 7 Order Discharging Debtor) Service Date 02/03/2006. (Admin.) (Entered: 02/04/2006) |
| 08/09/2006 | ○9 | Trustee's Notice of Intent to Abandon Stock in Bankrupt Companies/Accounts Receivables and possible malpractice claims against attorneys Filed by Trustee Patricia A Dzikowski. (^Dzikowski1, Patricia) (Entered: 08/09/2006) |
| 08/09/2006 | ○10 | Certificate of Service Filed by Trustee Patricia A Dzikowski (Re: 9 Trustee's Notice of Abandonment filed by Trustee Patricia A Dzikowski). (^Dzikowski1, Patricia) (Entered: 08/09/2006) |
| 08/24/2006 | ○11 | Amended Document *Certificate of Service (to include correct case matrix)* Filed by Trustee Patricia A Dzikowski (Re: 10 Certificate of Service filed by Trustee Patricia A Dzikowski). (^Dzikowski1, Patricia) (Entered: 08/24/2006) |
| 09/21/2006 | ○12 | Report of Abandonment of Stock in Bankrupt Company, Accounts Receivables and Possible Malpractice Claims Filed by Trustee Patricia A Dzikowski. (^Dzikowski1, Patricia) (Entered: 09/21/2006) |
| 09/21/2006 | ○13 | Meeting of Creditors Held and Concluded. Trustee's Report of No Distribution: [INTERESTED PARTIES HAVE 30 DAYS FROM THE DATE OF THIS ENTRY TO OBJECT TO THIS REPORT] I, Trustee of this estate, report that I have neither received any property nor paid any money on account of this estate except exempt property; I have made diligent inquiry into the financial affairs of the Debtor(s) and the location of property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to FRBP 5009, I certify that the estate of the above named Debtor(s) has been fully administered. I request |

that this report be approved and that I be discharged from any further duties as trustee. I declare under penalty of perjury that this Report of No Distribution is true and correct to the best of my knowledge and belief. Filed by Trustee Patricia A Dzikowski. (^Dzikowski1, Patricia) (Entered: 09/21/2006)

| 10/17/2006 | ⬤14 | Adversary Case 9-06-ap-01103 Closed. Judgment in Favor of Plaintiff (Klopp, Cindy) (Entered: 10/17/2006) |
| 10/23/2006 | ⬤15 | Final Decree and Discharge of Trustee. . (Adam, Lorraine) (Entered: 10/23/2006) |
| 10/23/2006 | ⬤16 | Bankruptcy Case Closed. (Adam, Lorraine) (Entered: 10/23/2006) |
| 10/25/2006 | ⬤17 | BNC Certificate of Mailing (Re: 15 Final Decree and Discharge of Trustee) Service Date 10/25/2006. (Admin.) (Entered: 10/26/2006) |

| **PACER Service Center** | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 02/11/2007 21:43:20 | | |
| **PACER Login:** | se2476 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 05-36640-SHF Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Links: included Format: HTML |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

## Report Selection Criteria

**Case ID:**              502005CC012795XXXXNB
**Docket Start Date:**
**Docket Ending Date:**

## Case Description

**Case ID:**           502005CC012795XXXXNB
**Case Caption:**   WOODIE H THOMAS, III PA V GIBSON
**Division:**           RH - PEREZ
**Filing Date:**       Thursday , September 29th, 2005
**Court:**              CC - COUNTY CIVIL
**Location:**          NB - NORTH BRANCH
**Jury:**                N-Non Jury
**Type:**               CV - CIVIL (COUNTY CIVIL)
**Status:**             RO - REOPEN

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | ID | Name | | |
|-------|-------|-----------|------|-----|------|------|------|
| 1 | | | PLAINTIFF | @491090 | WOODIE H THOMAS, III, P.A. | Aliases: | *none* |
| 2 | 1 | | ATTORNEY | 0940216 | THOMAS , ESQ, WOODIE H | Aliases: | *none* |
| 3 | | | DEFENDANT | @491091 | GIBSON, ROBERT A | Aliases: | *none* |

2/11/2007 10:28 PM

- Not an Official Document

| 4 | | | DEFENDANT | @491092 | GIBSON, DONALD M | Aliases: | none |
|---|---|---|---|---|---|---|---|
| 5 | | | DEFENDANT | @491093 | SERVE-EM, INCORPORATED | Aliases: | none |
| 6 | | | DEFENDANT | @491094 | SERVE-EM.COM, INC. | Aliases: | none |
| 7 | | | DEFENDANT | @491095 | 1-800-SERVE-EM.COM, INC | Aliases: | none |
| 8 | | | DEFENDANT | @491096 | BIKE-TAXI CORPORATION | Aliases: | none |
| 9 | | | DEFENDANT | @491097 | CORBLET CORPORATION | Aliases: | none |
| 10 | | | DEFENDANT | @491098 | CORBADEX CORPORATION | Aliases: | none |
| 11 | | | DEFENDANT | @491099 | JURIFUND CORPORATION | Aliases: | none |
| 12 | | | DEFENDANT | @491100 | AIRPORT PROCESS, INC. | Aliases: | none |
| 13 | | | JUDGE | RH | PEREZ, JUDGE NANCY | Aliases: | none |
| 14 | 5 | | SERVICE PARTY | @493920 | GIBSON / RA/PRES/DIR, ROBERT A | Aliases: | none |

- Not an Official Document

http://courtcon.co.palm-beach.fl.us/pls/jiwp/ck_public_qry_doct.cp...

| 15 | 6 | | SERVICE PARTY | @493920 | GIBSON / RA/PRES/DIR, ROBERT A | Aliases: | none |
|---|---|---|---|---|---|---|---|
| 16 | 7 | | SERVICE PARTY | @493920 | GIBSON / RA/PRES/DIR, ROBERT A | Aliases: | none |
| 17 | 8 | | SERVICE PARTY | @493920 | GIBSON / RA/PRES/DIR, ROBERT A | Aliases: | none |
| 18 | 9 | | SERVICE PARTY | @493920 | GIBSON / RA/PRES/DIR, ROBERT A | Aliases: | none |
| 19 | 10 | | SERVICE PARTY | @493920 | GIBSON / RA/PRES/DIR, ROBERT A | Aliases: | none |
| 20 | 11 | | SERVICE PARTY | @493920 | GIBSON / RA/PRES/DIR, ROBERT A | Aliases: | none |
| 21 | 12 | | SERVICE PARTY | @493925 | GIBSON / RA, DONALD M | Aliases: | none |
| 22 | 12 | | ATTORNEY | 0252395 | GLENN , ESQ, RICHARD W | Aliases: | none |
| 23 | | | DEFENDANT | @605100 | 1-800-SERVE-EM, INC | Aliases: | none |
| 24 | 23 | | SERVICE PARTY | @493920 | GIBSON / RA/PRES/DIR, ROBERT A | Aliases: | none |

- Not an Official Document

## Docket Entries

| Docket Number | Docket Type | Book and Page No. | Attached To: |
|---|---|---|---|
| | 00000 - ADDITIONAL COMMENTS | | |
| **Filing Date:** | 29-SEP-2005 | | |
| **Filing Party:** | | | |
| **Disposition Amount:** | | | |
| **Docket Text:** | *none.* | | |
| | 400FF - CCFF/CR-CV-FC-R4-S4 | | |
| **Filing Date:** | 29-SEP-2005 | | |
| **Filing Party:** | WOODIE H THOMAS, III, P.A., | | |
| **Disposition Amount:** | | | |
| **Docket Text:** | *none.* | | |
| | RCPT - RECEIPT FOR PAYMENT | | |
| **Filing Date:** | 29-SEP-2005 | | |
| **Filing Party:** | WOODIE H THOMAS, III, P.A., | | |
| **Disposition Amount:** | | | |
| **Docket Text:** | A Payment of -$255.00 was made on receipt CCMB86825. | | |
| | PE - PENDING | | |
| **Filing Date:** | 29-SEP-2005 | | |
| **Filing Party:** | | | |
| **Disposition Amount:** | | | |
| **Docket Text:** | *none.* | | |
| 1 | CMP - COMPLAINT | | |
| **Filing Date:** | 29-SEP-2005 | | |
| **Filing Party:** | WOODIE H THOMAS, III, P.A., | | |
| **Disposition Amount:** | | | |
| **Docket Text:** | *none.* | | |

- Not an Official Document

http://courtcon.co.palm-peach.fl.us/pls/jiwp/ck_public_qry_doct.cp...

| 2 | SMIS - SUMMONS ISSUED | |
|---|---|---|
| **Filing Date:** | 29-SEP-2005 | |
| **Filing Party:** | GIBSON, ROBERT A | |
| **Disposition Amount:** | | |
| **Docket Text:** | SM-05-221308 | |
| | SRTN - SERVICE RETURN (ATTACHED) | 2 |
| **Filing Date:** | 23-JAN-2006 | |
| **Filing Party:** | GIBSON, ROBERT A | |
| **Disposition Amount:** | | |
| **Docket Text:** | NC ISSUED NOT PROCESSED | |
| 3 | SMIS - SUMMONS ISSUED | |
| **Filing Date:** | 29-SEP-2005 | |
| **Filing Party:** | GIBSON, DONALD M | |
| **Disposition Amount:** | | |
| **Docket Text:** | SM-05-221309 | |
| | SRTN - SERVICE RETURN (ATTACHED) | 3 |
| **Filing Date:** | 10-JAN-2006 | |
| **Filing Party:** | GIBSON, DONALD M | |
| **Disposition Amount:** | | |
| **Docket Text:** | MB - UNEXECUTED | |
| 4 | SMIS - SUMMONS ISSUED | |
| **Filing Date:** | 29-SEP-2005 | |
| **Filing Party:** | SERVE-EM, INCORPORATED, | |
| **Disposition Amount:** | | |
| **Docket Text:** | SM-05-221310 | |
| | SRTN - SERVICE RETURN (ATTACHED) | 4 |
| **Filing Date:** | 23-JAN-2006 | |
| **Filing Party:** | SERVE-EM, INCORPORATED, | |
| **Disposition Amount:** | | |

2/11/2007 10:28 PM

- Not an Official Document

| | |
|---|---|
| **Docket Text:** | NC ISSUED NOT PROCESSED |

| | |
|---|---|
| 5 | SMIS - SUMMONS ISSUED |
| **Filing Date:** | 29-SEP-2005 |
| **Filing Party:** | SERVE-EM.COM, INC., |
| **Disposition Amount:** | |
| **Docket Text:** | SM-05-221311 |

| | | |
|---|---|---|
| | SRTN - SERVICE RETURN (ATTACHED) | 5 |
| **Filing Date:** | 23-JAN-2006 | |
| **Filing Party:** | SERVE-EM.COM, INC., | |
| **Disposition Amount:** | | |
| **Docket Text:** | NC ISSUED NOT PROCESSED | |

| | |
|---|---|
| 6 | SMIS - SUMMONS ISSUED |
| **Filing Date:** | 29-SEP-2005 |
| **Filing Party:** | 1-800-SERVE-EM.COM, INC, |
| **Disposition Amount:** | |
| **Docket Text:** | SM-05-221312 |

| | | |
|---|---|---|
| | SRTN - SERVICE RETURN (ATTACHED) | 6 |
| **Filing Date:** | 23-JAN-2006 | |
| **Filing Party:** | 1-800-SERVE-EM.COM, INC, | |
| **Disposition Amount:** | | |
| **Docket Text:** | NC ISSUED NOT PROCESSED | |

| | |
|---|---|
| 7 | SMIS - SUMMONS ISSUED |
| **Filing Date:** | 29-SEP-2005 |
| **Filing Party:** | BIKE-TAXI CORPORATION, |
| **Disposition Amount:** | |
| **Docket Text:** | SM-05-221313 |

| | | |
|---|---|---|
| | SRTN - SERVICE RETURN (ATTACHED) | 7 |
| **Filing Date:** | 23-JAN-2006 | |
| **Filing Party:** | BIKE-TAXI CORPORATION, | |

| Disposition Amount: | |
|---|---|
| **Docket Text:** | NC ISSUED NOT PROCESSED |
| 8 | SMIS - SUMMONS ISSUED |
| **Filing Date:** | 29-SEP-2005 |
| **Filing Party:** | CORBLET CORPORATION, |
| **Disposition Amount:** | |
| **Docket Text:** | SM-05-221314 |

| | SRTN - SERVICE RETURN (ATTACHED) | 8 |
|---|---|---|
| **Filing Date:** | 23-JAN-2006 | |
| **Filing Party:** | CORBLET CORPORATION, | |
| **Disposition Amount:** | | |
| **Docket Text:** | NC ISSUED NOT PROCESSED | |
| 9 | SMIS - SUMMONS ISSUED | |
| **Filing Date:** | 29-SEP-2005 | |
| **Filing Party:** | CORBADEX CORPORATION, | |
| **Disposition Amount:** | | |
| **Docket Text:** | SM-05-221316 | |

| | RO - REOPEN | 9 |
|---|---|---|
| **Filing Date:** | 18-DEC-2006 | |
| **Filing Party:** | | |
| **Disposition Amount:** | | |
| **Docket Text:** | *none.* | |

| | SRTN - SERVICE RETURN (ATTACHED) | 9 |
|---|---|---|
| **Filing Date:** | 23-JAN-2006 | |
| **Filing Party:** | | |
| **Disposition Amount:** | | |
| **Docket Text:** | SRVD 1/17/06 | |
| 10 | SMIS - SUMMONS ISSUED | |
| **Filing Date:** | 29-SEP-2005 | |
| **Filing Party:** | JURIFUND CORPORATION, | |